EMMA BERRI, Respondent, v. CHARLES MINTURN, Appellant.

No. 1219; December 15, 1856.

Bills and Notes.—Possession of a Note is Sufficient to Enable the holder to sue to enforce payment.

Mortgage.—The Security Follows the Note Secured; hence the holder of a mortgage note has the rights of a mortgagee, although there may have been no actual assignment of the mortgage.

Pleading.—The Purpose of a Complaint is that the defendant shall be advised of the facts relied upon by the plaintiff to support his action.

Mortgage Foreclosure—Description of Premises.—In a suit to foreclose a mortgage the description of the premises may be either contained in a schedule attached to, or incorporated in, the body of the complaint.

Mortgage. Foreclosure—Judgment.—Where a Mortgage Provides that the percentage be allowed on the sum due and the judgment in foreclosure so allows it, rather than on the value of the property, there is no error.

Appeals — Frivolous Appeal — Damages. — An appeal without merit calls for the imposition of damages.

APPEAL from Superior Court, San Francisco County.

Jones, Doyle, Barber & Boyd for respondent; F. M. & H. H. Haight for appellant.

TERRY, J.—We have decided that possession of a negotiable note is a sufficient evidence of ownership to enable the holder to maintain an action upon such note. We have also decided that a mortgage is the incident of the debt which it was made to secure, and that the indorsement and delivery of a note, secured by mortgage, carries with it the security, without the necessity of a formal assignment.

It follows that the plaintiff, being the owner of the note, was entitled to enforce the lien against the mortgaged premises.

The objection that the description of the premises was contained in a schedule attached to the complaint is frivolous. The purpose of the complaint is to give to the defendant

information of all the facts upon which he relies to support his demand. This may be done by attaching to the complaint one or more papers and referring to them, or by copying such papers in the body of the complaint.

The third objection is equally untenable. The judgment of the court is in strict accordance with the terms of the mortgage, which provides that the percentage shall be allowed on the sum due and not upon the value of the premises mortgaged.

The appeal is without merit, and calls for the imposition of damages.

The judgment is affirmed, with five per cent damages and costs.

We concur: Murray, C. J.; Heydenfeldt, J.