[S. F. No. 274.   Department Two.—July 22, 1896.]

BANK OF CALIFORNIA, PLAINTIFF, *v.* J. L. MOTT IRON WORKS, RESPONDENT, AND S. A. MONSARRATT, APPELLANT.

INTERPLEADER — COLLECTION OF NOTE BY BANK—CONFLICTING CLAIMS — OWNERSHIP OF NOTE — GARNISHMENT — PRESUMPTION — EVIDENCE — SUPPORT OF JUDGMENT.—In an action of interpleader brought by a bank, which collected a note assigned by a plumbing company to one of the defendants, who forwarded it to the bank for collection on his account, and which was also alleged to have been garnished at suit of a creditor of the plumbing company in respect to the money collected on the note, in which action the assignee of the note and the attaching creditor interpleaded, it must be presumed, *prima facie,* that the holder of the note who sent it to the bank for collection was the owner thereof, though such presumption might be overcome by counter-evidence; and a judgment in favor of the attaching creditor against the holder of the note cannot be supported where there is no proof that the writ of attachment issued or was served upon the bank.

ID.—INADMISSIBLE EVIDENCE — LETTER FROM ONE BANK TO ANOTHER.— Where the note was forwarded by the owner to one bank for collection, which in turn forwarded it for collection to another bank, a letter from the latter bank to the former is not admissible evidence against the holder of the note.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   J. M. SEAWELL, Judge.

The facts are stated in the opinion of the court.

*Allen & McAllister,* for Plaintiff.

*R. H. Countryman,* for Appellant.

*Crittenden Thornton,* and *F. H. Merzbach,* for Respondent.

McFARLAND, J.—The plaintiff, the Bank of California, brought this action against the J. L. Mott Iron Works, the West Coast Plumbing Supply Company, and S. A. Monsarratt, defendants. The plaintiff and the two defendants first above named are corporations. The plaintiff alleged that it had on deposit, and held as a banking corporation, six hundred and twenty-seven dollars, which was claimed by each of said defendants hostilely to each other. Plaintiff alleged that it had no interest in said money, and asked to be allowed to pay the same into court, and that said defendants be compelled to interplead and litigate their several claims to said money among themselves. The defendant, the West Coast Plumbing Supply Company, made default, and the said defendants, the Mott Iron Works and said Monsarratt, filed pleadings in which each claimed title to said money. They consented that plaintiff deposit said money in court, and be relieved from any further liability in the matter.

The plaintiff came into possession of said money in this way: A certain firm called J. L. Barker & Co. had executed its note to the said defendant, the West Coast Plumbing Supply Company, for five hundred and fifty dollars, payable to the order of said company, and said note had been sent to the plaintiff, the said bank, for collection by one Louis E. Arnold, inclosed in a letter dated at Vancouver, British Columbia, with directions that said bank should collect the same and remit the proceeds to said Arnold at Yokohama exchange. The bank collected the money due on said note, and said money is the subject of this action.

The Mott Iron Works contend that they commenced an action against the said plumbing company, in which they had an attachment issued; and that, by virtue of said writ of attachment, they garnished said money in contest in the hands of the said bank plaintiff, and that it was the money of said company. It also claims that

it recovered judgment against said plumbing company in said action.

The said defendant Monsarratt contends that said note belonged to said Arnold, and that the said Arnold assigned to said defendant the moneys collected upon said note by said bank.

The case does not seem to have been very closely tried, and the record presents the conflicting claims of the parties in a rather unsatisfactory manner. There are findings of the court which are not sustained by the evidence, though most of the findings not thus sustained are immaterial. For instance, the court finds that "all the defendants" claim said money, and demand payment for the same; whereas, the defendant, the plumbing company, does not claim said money, but, on the other hand, made default; but this finding is immaterial. It is also found that "the defendant West Coast Plumbing Supply Company indorsed and delivered said promissory note to the plaintiff, the Bank of California, for collection"; and there is no evidence to support this finding; but this finding is not material except, perhaps, in one view of the case, which will be noticed hereafter. There are some other findings not sustained by the evidence which are also immaterial. There are also exceptions to rulings of the court about matters which are immaterial.

The court rendered judgment in favor of the Mott Iron Works, and Monsarratt appeals from the judgment and from an order denying his motion for a new trial.

Appellant objected to the introduction of the judgment in favor of the Mott Iron Works against the said plumbing company, upon the ground that the year allowed for appeal in that case had not expired. It will not be necessary to determine the validity of that exception, because the judgment must be reversed for another reason, and that point will probably not arise upon another trial. The claim of the plaintiff to the money in contest rests upon its allegation that it pro-

cured the Bank of California to be garnished in said action which it had brought against the said plumbing company, and the court found that in said action "a writ of attachment in due form of law was issued and placed in the hands of the sheriff of said city and county of San Francisco for service; and thereafter the said sheriff levied and served the said writ of attachment by notifying the plaintiff, the Bank of California, that all goods, moneys, and chattels of the defendant, the West Coast Plumbing and Supply Company, were levied upon and attached by him in pursuance to the terms of said writ"; but we are unable to find anywhere in the record any evidence that said writ of attachment ever issued, or was ever served upon the said bank. That being so, we see no basis for a judgment in favor of the said Mott Iron Works, respondent.

Respondent contends that whether or not the court committed any errors in its favor, or erroneously entered a judgment for it, still the appellant has no cause to complain, because he has shown no right or title whatever to the proceeds of said note. But this position is not tenable. The appellant's assignor, Arnold, was in possession of the note. He sent it to the Bank of California for collection, and it was collected by said bank and the proceeds placed to the credit of said Arnold; the court found that said note had been indorsed by the said plumbing company, although it erroneously found, without any evidence, that it had been so indorsed by said plumbing company to the Bank of California; and, under these circumstances, it cannot be said that no right at all to the note was shown to be in said Arnold. A party being in possession of a negotiable note, either payable to bearer or indorsed in blank by the person to whose order it is made payable, is at least *prima facie* the owner of the note—although, of course, such *prima facie* ownership may be swept away by proper rebutting evidence. If, on another trial, the respondent shows that it is entitled to said

money by virtue of its attachment and judgment against the plumbing company, it will be in a position to attack the claim of the appellant or his assignor to said money; but, not having shown any title itself to the money, it is not now in a position to maintain a judgment in its favor.

It seems that the note sent by Arnold to the Bank of California was forwarded by the latter to the Union Savings Bank of Oakland for collection, and a letter written by the said savings bank to the Bank·of California with regard to said note was introduced in evidence by the respondent, over the objection of the appellant. This objection should have been sustained, for we see no ground upon which that letter was in any way evidence in this case as against the appellant.

It seems that there was another note for eighty-seven dollars, made by one Brownlie, which was also inclosed in the letter from Arnold to the Bank of California. It does not appear to whom this note was made, and it is not mentioned in the complaint or in the findings; yet its amount seems to have been included in the judgment in favor of respondent. Appellant makes a point in his brief about the Brownlie note; but we cannot discover that the record in any way presents any question whatever about this note; and, therefore, it cannot be here considered.

The court properly overruled appellant's objections to the affidavit and undertaking on attachment.

There was sufficient evidence that the respondent was a corporation, and the objections to that evidence were properly overruled.

We do not see any other points in the case necessary to be now considered. Questions relating to the validity or admissibility of all judgment-rolls and pleadings in other cases offered or received in evidence, and all facts relating thereto, if such evidence shall be offered upon another trial, and all questions relating to other matters not expressly passed upon in this opinion, are to be regarded, if arising on another trial, as open questions.

Judgment and order appealed from reversed, and cause remanded for a new trial.

HENSHAW, J., and TEMPLE, J., concurred.