[Sac. No. 2096.  Department One.—November 24, 1914.]

DAN CASSINELLA, Respondent, v. JAMES H. ALLEN et al., Defendants and Respondents, and LUELLA F. ALLEN, Appellant.

MORTGAGE—RELEASE OF PORTION OF PROPERTY—ENFORCEMENT AGAINST REMAINDER.—Where one, who owns ten acres of land and holds another twenty acres in trust, mortgages the whole tract and thereafter conveys the ten acres to his wife, subject to the mortgage, she having knowledge of the trust and it being agreed at the time of the execution of the mortgage that the twenty acres should not be held liable as security, the ten acres remain primarily liable for the mortgage debt, and it is no defense to an action of foreclosure against it that the mortgagee has released the twenty acres.

ID.—FORECLOSURE OF MORTGAGE—TENDER OF PAYMENT—COUNSEL FEES. If such mortgage and the note which it secures provide for the payment of attorneys' fees in the event of legal proceedings, a tender, after the commencement of foreclosure proceedings, and when a de-

murrer is on file and undisposed of, of the full amount of the principal and interest due, together with costs, without including attorneys' fees, is insufficient, notwithstanding the complaint contains no specific prayer for such fees and no answer has been filed.

ID.—TENDER OF PORTION OF DEBT—WHETHER A DEFENSE.—A tender by the defendant in such case of one-third of the debt, interest, and costs, upon an agreement that the ten acres should be released upon her payment of one-third of the debt, is unavailing as a defense if not pleaded.

ID.—DEFAULT JUDGMENT—SECTION 580 OF CODE OF CIVIL PROCEDURE.— Section 580 of the Code of Civil Procedure, regulating the relief that may be granted where there is no answer, has no application in such case.

ID.—PLEADING—PRAYER IN COMPLAINT FOR LESS THAN AMOUNT DUE.— Although the plaintiff, by praying for less than is his due, exposes himself to the risk, in case of default, of having to take judgment for a limited relief, he does not, by the mere filing of his complaint, irrevocably surrender or release the balance of his demand. The complaint is still subject to amendment, and it is also possible that the defendant, by answering, may enlarge the scope of the relief to any extent consistent with the case made by the complaint and embraced within the issue.

ID.—NOTE SECURED BY MORTGAGE—PROOF OF OWNERSHIP IN FORECLOSURE PROCEEDINGS.—In an action to foreclose a mortgage the plaintiff's ownership of the secured note is *prima facie* established by its introduction in evidence, bearing the indorsement of the payee in blank, and by the testimony of the plaintiff's attorney as to the purchase of the note by him for the plaintiff with the latter's money. The chain of title is not impaired by the fact that the instrument bears another indorsement, concerning which no proof is offered.

APPEAL from a judgment of the Superior Court of Stanislaus County and from an order refusing a new trial. L. W. Fulkerth, Judge.

The facts are stated in the opinion of the court.

L. L. Dennett, and J. M. Walthall, for Appellant.

J. B. Jennings, Griffin & Carlson, and Maddux & Maddux, for Respondents.

SLOSS, J.—Action to foreclose a mortgage of real estate. The defendant Luella F. Allen appeals from a judgment in favor of plaintiff and from an order denying her motion for a new trial.

On September 15, 1900, the defendant James H. Allen made
and delivered to C. H. Whitmore his promissory note for three
hundred dollars, payable three years after date, with interest
at the rate of eight per cent per annum, compounded an-
nually. The note contained a promise to pay all legal ex-
penses and attorneys' fees incurred in the collection of the
note. At the same time the maker executed, as security for
the note, a mortgage of thirty acres of land in Stanislaus
County. The mortgage provided for counsel fees of twenty
per cent of the amount found due, in the event of foreclosure.

On July 29, 1904, Whitmore transferred the note and mort-
gage to the plaintiff. The complaint, filed in September,
1904, after setting forth the note and mortgage in full, and
plaintiff's ownership, alleged that nothing had been paid ex-
cept interest to September 15, 1901, that the defendants, other
than the maker, claimed an interest in the land, and that plain-
tiff had been compelled to employ an attorney, whose services
were reasonably worth seventy-six dollars. The prayer was
for three hundred dollars, with interest, for the usual decree
of foreclosure and for general relief. There was no specific
prayer for counsel fees.

The defendant Luella F. Allen demurred. The case re-
mained in this situation for a number of years, that is, until
November, 1911, when she filed an answer and cross-complaint.
Her demurrer was then withdrawn. In her answer Luella F.
Allen alleged that, prior to the commencement of the action,
James H. Allen, the mortgagor, who was then her husband,
had conveyed to her ten acres of the mortgaged property.
She alleged that she had tendered to plaintiff the full amount
due on the mortgage, which plaintiff had refused, and, further,
that after James H. Allen had conveyed to her, the plaintiff
had released from the lien of the mortgage, without her con-
sent, the remaining twenty acres, which were worth more than
the entire mortgage debt.

With respect to these matters, the court found that at the
time of the execution of the mortgage, James H. Allen was
the owner of the ten acres now claimed by Luella F. Allen,
and that he thereafter conveyed same to her subject to said
mortgage, which had been executed to secure the payment of
the purchase price of said land. It was found that, when
the mortgage was made, James H. Allen was not the owner of
the remaining twenty acres, but held the same in trust for

William J. Allen, who is now the owner thereof; that Luella F. Allen at all times had knowledge of said trust, and that it was agreed between James H. Allen, William J. Allen, and Luella F. Allen that said twenty acres should not be held liable under the mortgage as security for the payment of the note.

These findings, which find ample support in the evidence, furnish a complete answer to the contention that the plaintiff's right to enforce his mortgage against the ten acres conveyed to Luella F. Allen was in any way affected by the release of the remainder of the mortgaged property. (It may be noted that the release in fact covered only ten of the twenty acres not conveyed to Luella F. Allen.) Under the facts found, the ten acres of the appellant were, in equity, primarily liable for the mortgage debt, and the court rightly concluded that they should be first sold, and that the ten acres of William J. Allen still subject to the mortgage should be held only for any deficiency remaining after such first sale.

The evidence on the issue of tender was as follows: In December, 1904, the appellant's attorneys tendered to plaintiff's attorney the full amount of the principal and interest due, together with costs. This tender was refused because it did not include an offer to pay attorneys' fees. At this time the appellant's demurrer was on file, but had not been disposed of. The note and mortgage both provided for the payment of attorneys' fees in the event of legal proceedings, and the tender did not, therefore, include everything due the plaintiff. It is contended, however, that since the complaint contained no specific prayer for attorneys' fees, and there was no answer on file, the relief which the court was authorized to grant could not, under section 580 of the Code of Civil Procedure, have included a judgment for attorneys' fees. (See *Brooks* v. *Forington,* 117 Cal. 219, [48 Pac. 1073].) Therefore, argues the appellant, the tender covered everything to which the plaintiff was entitled, and it operated to extinguish the lien of the mortgage. But we think this conclusion does not follow. Section 580 regulates the action of the court in granting judgment upon a default. It limits the relief which may be awarded against a defendant who does not appear (*Winchester* v. *Howard,* 136 Cal. 432, 448, [89 Am. St. Rep. 153, 64 Pac. 692, 69 Pac. 77]), and that is its sole purpose. It is of no importance, in the case before

us, to consider the question, debated by counsel in their briefs, whether the word "answer," as used in section 580, is to be construed strictly or is to be given the broader meaning of a defensive pleading, either by answer or demurrer. Granting that there was here, at the time of the tender, no "answer" which would have justified a judgment for attorneys' fees, we are not concerned with the judgment which might have been entered if the case had gone to default without any further pleading on the part of the defendant Luella F. Allen. In the first place, the demurrer was still pending. Until it was disposed of, no judgment could be rendered, and there was no room for the applicatiion of section 580. Furthermore, this section has nothing to do with the actual extent of the obligation due from the defendant to the plaintiff. Although the plaintiff, by praying for less than is his due, exposes himself to the risk, in case of default, of having to take judgment for a limited relief, he does not, by the mere filing of his complaint, irrevocably surrender or release the balance of his demand. The complaint is still subject to amendment, and it is also possible that the defendant, by answering, may enlarge the scope of the relief to any extent "consistent with the case made by the complaint and embraced within the issue." (Code Civ. Proc., sec. 580.) If the defendant wishes to have the relief limited to that prayed for, he must allow the case to reach the *status* contemplated by section 580; i. e., that of an application for judgment by default, upon failure to answer. Until that point is reached the obligation which is the basis of the suit is not affected, and it cannot be extinguished by a tender which is not coextensive with it. As we have seen, the tender under discussion did not meet this requirement. It must, therefore, be held insufficient, even if it be assumed that a mere tender, not kept good, will suffice to release the lien of a mortgage.

Prior to the date of the tender by her attorneys, the appellant had offered to pay the plaintiff one-third of the amount of the mortgage debt, together with one-third of the interest and costs then accrued. The plaintiff was clearly within his rights in refusing this tender, since, as we have seen, the land owned by Mrs. Allen was liable for the entire debt. In this connection it is contended that the lien was discharged by the partial tender, because, as is claimed, James H. Allen, in June, 1903, made a writing authorizing Whitmore, the then holder

of the mortgage, to release the ten acres of appellant upon her payment of one-third of the debt. This attempted ground of defense is fully met by pointing out that it is not suggested in the pleadings, and is therefore not embraced within the issues. Furthermore, the mortgagee was not bound by the request of the mortgagor in this matter. The contention that Cassinella holds the mortgage as trustee for James H. Allen and is for that reason concluded by the alleged request of the latter, is based upon a view of the facts which is not sustained by the evidence.

The only other point made that is worthy of notice is that the evidence does not support the finding of plaintiff's ownership of the note. The note, bearing the indorsement in blank of Whitmore, the payee, was introduced in evidence by the plaintiff. . Plaintiff's attorney testified that he had bought the note of Whitmore for plaintiff, paying for the same with money furnished by plaintiff. This was enough to establish, *prima facie,* plaintiff's ownership. (*Bank of California* v. *Mott Iron Works,* 113 Cal. 409, [45 Pac. 674].) The chain of title was not impaired by the fact that the instrument bore another indorsement, concerning which no proof was offered.

The judgment and the order denying a new trial are affirmed.

Shaw, J., and Angellotti, J., concurred.

Hearing in Bank denied.