[Sac. No. 2114.    Department One.—November 25, 1914.]

PLACERVILLE GOLD MINING COMPANY (a Corporation), Respondent, v. C. N. BEAL et al., Appellants.

SETOFF AND COUNTERCLAIM—SUSTAINING OF DEMURRER—CONSIDERATION OF QUESTION ON APPEAL.—Where the allegations of a counterclaim are treated by all parties and by the court as being still in the case, notwithstanding the sustaining of a demurrer to the answer, they will be so considered on appeal.

ID.—MORTGAGE FORECLOSURE—GRANTEE OF PROPERTY—COUNTERCLAIM.—Where a power company has purchased mortgaged property without assuming the payment of the encumbrance, and an action is brought

against it and others to foreclose the mortgage, wherein no personal or deficiency judgment is asked against the power company, its claim for water furnished by it to the plaintiff is not a proper subject of counterclaim.

ID.—WAIVER OF OBJECTION TO COUNTERCLAIM—WHAT DOES NOT CONSTITUTE.—The right of the plaintiff in such case to object to the counterclaim is not waived by its counsel admitting the truth of the allegations therein and consenting that the amount thereof, without interest, be treated simply as an offset on the mortgage debt, but not as a basis for a money judgment against the plaintiff.

ID.—GRANTEE OF MORTGAGOR—MONEY DEMAND AS COUNTERCLAIM IN FORECLOSURE PROCEEDINGS.—A money demand upon the part of a subsequent grantee of a mortgagor, who has not assumed payment of the mortgage debt and against whom no personal judgment is asked, is not a proper counterclaim in an action to foreclose the mortgage.

ID.—APPEAL—ABSENCE OF BRIEF OR APPEARANCE ON PART OF APPELLANT. An appellate court is not called upon to give any consideration to an appeal wherein no brief is filed by the appellant and no appearance is made by him at the oral argument.

APPEAL from a judgment of the Superior Court of El Dorado County.  J. E. Prewett, Judge presiding.

The facts are stated in the opinion of the court.

Gavin McNab, George W. Mordecai, and Clarence Coonan, for Appellants.

George H. Thompson, for Respondent.

ANGELLOTTI, J.—This is an appeal from a judgment foreclosing a mortgage.  The mortgage was executed by defendant C. N. Beal to the El Dorado Water and Deep Gravel Mining Company (a corporation), hereinafter designated the El Dorado Company, to secure the payment of three notes in the sums of forty thousand dollars, forty thousand dollars, and forty-two thousand five hundred dollars, respectively.  The mortgagee transferred all of its interest in the notes and mortgage to the plaintiff.  Beal conveyed the mortgaged property to defendant Sierra Water Supply Company, hereinafter designated the Sierra Company, which, in turn, conveyed to the defendant San Francisco-Oakland Terminal Power Company, hereinafter designated the Power Company.  The Power Company never assumed the payment of the mortgage

debt. The two forty thousand dollar notes were paid. The forty-two thousand five hundred dollar note not having been paid, plaintiff commenced this action to foreclose against Beal, and the Sierra Company, the Power Company, and the Mechanics Trust Company, of New Jersey. All the defendants except Beal were joined simply as holders under Beal subject to the mortgage, no relief being asked against any of them except that such interest as it has be adjudged subject to the lien of the mortgage. A deficiency judgment was asked against Beal only.

The joint answer originally filed by the Sierra Company, the Power Company, and the Trust Company contained a further defense and counterclaim on the part of the Power Company only, for $1989.75, for water furnished by the Sierra Company to plaintiff prior to March 11, 1912, the claim for which had been assigned to the Power Company; and also a further defense and counterclaim on the part of the Power Company only, for $1012.50 for water furnished by the Power Company to plaintiff. Plaintiff demurred to the ''answer'' of the defendants, on the ground, among others, ''that said answer does not state facts sufficient to constitute a defense.'' The demurrer was sustained, and said defendants subsequently filed another joint answer which contained no counterclaim.

The action was tried upon these pleadings, and judgment was given determining the amount due on the note, adjudging the interest of said three defendants to be subject to the lien of the mortgage, directing a sale of the premises to satisfy plaintiff's claim, and directing the entry of a deficiency judgment against Beal for the amount remaining unpaid, if any, after the sale of the property.

Upon the trial, the allegations of the counterclaim were treated by all parties and by the court as being still in the case, notwithstanding the sustaining of the demurrer to the answer, the plaintiff admitting the allegations thereof, and the court finding thereon. We think they must be so treated here.

Said three defendants have appealed from the judgment, their sole claim on the appeal relating to the counterclaims of the Power Company for water furnished plaintiff. As to this the lower court, instead of giving the Power Company a judgment against plaintiff, credited the amounts thereof,

without interest, as payments on the mortgage debt, thereby reducing the same by the amounts thereof.

It is contended, and the claim is not disputed by learned counsel for said defendants, that no personal judgment being possible or being sought against the Power Company, but only a decree adjudging its interest in the mortgaged property to be subject to the lien of the mortgage, the matter set forth in the attempted counterclaims was not the proper subject of a counterclaim, and that the Power Company was not entitled to obtain relief on account thereof in this action. We are satisfied that this claim is well based. So far as the Power Company was concerned, its causes of action set forth in the counterclaims did not arise out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, and were not connected with the subject of the action. Nor as to such defendants was plaintiff's action one upon contract. (Code Civ. Proc., sec. 438.) Under such statutes as ours, a money demand upon the part of a subsequent grantee of a mortgagor, who has not assumed payment of the mortgage debt and against whom no personal judgment is asked, is not a proper counterclaim in an action to foreclose a mortgage. See *Agate* v. *King,* 17 Abb. Pr. (N. Y.) 159; *Lipman* v. *Jackson etc. Works,* 128 N. Y. 58, [27 N. E. 975].

Appellants' claim in this connection is based on the further claim that no objection was made to the counterclaims in the lower court, and that the objection is made for the first time on appeal. It is said that the authorities sustain the proposition that where a cross-complaint or a counterclaim will not properly lie, but nevertheless the same is treated as proper by the parties throughout the proceedings in the lower court, objection thereto may not be made in an appellate court. The lower court having jurisdiction of the subject matter and of the parties, all other objections to the manner in which the issue was brought before the court will be deemed waived by the conduct of the parties. (See *Power* v. *Fairbanks,* 146 Cal. 611, [80 Pac. 1075]; *Riverside Heights Water Co.* v. *Riverside Trust Co.,* 148 Cal. 457, 469, [83 Pac. 1003].) But the difficulty with appellants' position in this case is that neither plaintiff nor the lower court can be held to have treated the attempted counterclaims of the Power Company as proper counterclaims. There appears to have been no question as to the truth of the allegations contained therein, and plaintiff's

attorney frankly admitted their truth, without putting the
Power Company to the necessity of proving the same. Plain-
tiff was not required to interpose a demurrer to the counter-
claims in order to preserve its objection. It could object
thereto on the trial. Its admission of the truth of the mat-
ters alleged therein did not bar subsequent objection, and
it did make timely objection by insisting that no judgment
should be given in favor of the Power Company against plain-
tiff on its attempted counterclaims. Recognizing the justice
of the Power Company's claim for compensation for the water
furnished, it was willing to allow the claim to the extent of
$3002.25, as an offset to the mortgage debt, but it was unwill-
ing to go further and so distinctly stated on the trial. The
learned judge of the trial court also treated the matters pre-
sented by the counterclaims as matters to be considered only
with plaintiff's consent, finding as to each of the same that
the amount thereof "is by stipulation of the parties and ad-
mission of plaintiff entered into in open court, allowed as a
further credit and part payment on the promissory note of
forty-two thousand five hundred dollars dated June 15, 1907,
and mortgage in said plaintiff's complaint mentioned and set
forth, . . . making in all by reason of the allowance and ad-
mission by plaintiff of the two counterclaims of the said de-
fendant, San Francisco-Oakland Terminal Power Company,
the further total sum of $3012.25 to be credited on said
promissory note and mortgage in addition to the payments
in said plaintiff's complaint set forth." It is urged that there
is no foundation in the record for the conclusion of the trial
judge that, in so far as the Power Company was concerned,
there was any stipulation that the counterclaims might be
treated simply as an offset on the mortgage debt, instead of
the basis for a money judgment against plaintiff. We are
of the opinion that, under all the circumstances, the record
sufficiently shows a consent on the part of the Power Com-
pany's attorneys to support this conclusion of the trial court.
While in the first instance, the attorney representing the
Power Company asked for a money judgment against plain-
tiff on the counterclaims, his demand was at once met by ob-
jections on the part of plaintiff's attorney, who stated clearly
and explicitly what he was willing to do with respect thereto.
Subsequently, when plaintiff's attorney again stated his claim
as to the form of decree, the deduction of the amount of the

counterclaims as a credit on the mortgage debt, and the amount remaining due on the mortgage debt, the trial court asked the Power Company's attorney if there was any objection. The only statement in reply was "I do not know whether those figures are correct." The court replied that "That is a matter of detail" and the attorney replied "a matter of calculation." Neither trial court nor counsel for plaintiff treated the matters alleged in the counterclaims as constiting proper counterclaims entitling the Power Company to a money judgment against plaintiff, and the allowance of the same at all in this action was a matter of grace and consent on the part of the plaintiff.

The point was made for the first time on the oral argument of this appeal, nothing having been said regarding it in either of appellants' briefs, that the judgment is erroneous in not allowing interest on the amount of the counterclaims, which would amount to about one hundred and sixty-five dollars. Interest was asked in the prayer of the original answer, but on the trial, when plaintiff's attorney stated explicitly what he was willing to allow as an offset on the counterclaims, viz., $3002.25, excluding all mention of interest, no objection was made by the attorney of the Power Company on that score, when asked by the court if there was any objection. In view of what we have said heretofore, the Power Company was entitled in this action only to what plaintiff was willing to allow in the matter of these counterclaims. We are satisfied that the decree should not be disturbed on account of the matter of interest.

There is also an appeal by defendant Beal from the judgment. No brief, however, has been filed in his behalf, nor was there any appearance on his behalf at the oral argument. Under these circumstances we are not called upon to give any consideration to his appeal. It may be stated, however, that our examination of the record has disclosed no error in so far as he is concerned.

The judgment is affirmed.

Shaw, J., and Sloss, J., concurred.