[Civ. No. 2480. Second Appellate District, Division One.—January 29, 1920.]

FRANK M. McKEY, Respondent, v. E. D. MacINTOSH et al., Appellants.

[1] PROMISSORY NOTE—ASSIGNMENT BY CORPORATION—LOSS OF ASSIGNMENT—ADMISSIBILITY OF COPY IN EVIDENCE.—In an action on a promissory note assigned to plaintiff by the corporation payee, the loss of the original deed of assignment, shown to have been duly executed by officers of the corporation and the seal affixed thereto pursuant to a resolution adopted by the board of directors, having been established, a copy of such deed is properly admitted in evidence.

[2] ID.—POSSESSION OF—PRIMA FACIE SHOWING OF OWNERSHIP.—In an action on a promissory note, possession of the note, though not indorsed by the payee, is sufficient as a *prima facie* showing of ownership.

[3] ID. — FAILURE OF CONSIDERATION — IRRELEVANT EVIDENCE. — Such promissory note having been given in payment of an electric motor-car which defendants received and retained for their own use and benefit, the court, in an action thereon, properly sustained plaintiff's objection to defendants' offer to prove that the car was delivered to them for demonstration purposes pursuant to an agreement under which they were to purchase other cars for the purpose of sale and that shortly after the purchase of such car the motor company transferred its goodwill, plant, and assets to plaintiff, which evidence was offered for the purpose of proving failure of consideration, plaintiff not having alleged nor claimed that the motor company and plaintiff as its assignee were unable, or had in any way failed, to comply with the terms of such agreement.

APPEAL from a judgment of the Superior Court of Los Angeles County. Fred H. Taft, Judge. Affirmed.

The facts are stated in the opinion of the court.

Perry F. Backus for Appellants.

Frank W. Wheeler for Respondent.

SHAW, J.—This is an appeal by defendants from a judgment in favor of plaintiff upon a promissory note executed

---

1. Proper form of certification that paper or document is true copy, note, **Ann. Cas.** 1912C, 942.

by E. D. and R. B. MacIntosh, payment of which was guaranteed by defendant Duffet.

The court found that plaintiff was the legal owner and holder of the note, which by its terms was made payable to the Chicago Electric Motor Car Company. [1] Error is predicated upon the fact that the court, in support of this finding, admitted in evidence a copy of a deed of assignment whereby the Chicago Electric Motor Car Company duly transferred to plaintiff all its assets, including the note herein sued upon. The loss of the original deed, shown to have been duly executed by officers of the corporation and the seal affixed thereto pursuant to a resolution adopted by the board of directors, was fully established, and hence it was not error to admit the copy thereof. [2] Moreover, not only was the note indorsed by the payee named therein (*Meyer* v. *Foster,* 147 Cal. 166, [81 Pac. 402]), but plaintiff's possession of the note, though not indorsed, was sufficient as a *prima facie* showing of his ownership (*Berri* v. *Minturn,* 1 Cal. Unrep. 50); hence defendants could not have been prejudiced by the evidence complained of, even were it deemed incompetent.

[3] Another alleged error is based upon the rulings of the court in refusing to admit evidence offered by defendants for the purpose of showing want of consideration for the note, which was given as the purchase price of a Chicago electric motor-car sold and delivered by the company to the makers of the note. While appellants at all times retained possession of the car, they, nevertheless, insist that they should not be required to pay for the same, for the reason that on June 17, 1914, they, subject to cancellation at its pleasure, entered into a contract with the Chicago Electric Motor Car Company whereby it agreed to sell and they agreed, on or before June 17, 1915, to buy from said Motor Company "as many —— of the electric pleasure cars manufactured by the Chicago Electric Motor Car Company," at the prices therein specified, which said contract further provided that the MacIntoshes should at all times keep on hand for demonstrating purposes one model of the motor-car so manufactured by said company, and pursuant to which provision it is claimed the car in question was purchased. It is further alleged in the answer that shortly after the purchase of said car the Motor Com-

pany made an assignment of its goodwill, franchise, plant, and all its assets to the plaintiff herein, by reason of which fact it was unable to furnish defendants with cars. It is not alleged nor claimed, however, that defendants, under and pursuant to the terms of said contract, ever at any time tendered the payment or made the deposit required as a condition of their right to demand delivery of cars, or sought to purchase any cars from the Motor Company or its assignee, or that either of them committed any breach whatsoever of the terms of the contract. From aught that appears to the contrary, the assignee, as successor in interest to the contract, was prepared to and would have complied with the terms thereof had demand therefor been made by defendants.

The fact that the Motor Company transferred its goodwill, plant, and assets to another constituted no defense to the payment of the note so given in the purchase of the electric car which defendants received and retained for their own use and benefit. The questions asked by defendants, so far as pertinent to the issues, and whatever the answers might have been, were not calculated to elicit evidence tending to show the failure or want of consideration for the note; hence the court did not err in sustaining the objections.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.