## BOOTH v. HIDDEN INLET CANNING CO.

First Division.  Ketchikan.  August 19, 1926.

No. 849–KA.

**1. Pleading** ⊛⟶248(3)—**Motion to Strike Third Amended Complaint for Substantial Change of Cause of Action.**

On motion to strike third amended complaint, because it substantially changes the cause of action, and because two causes of action are not separately stated, *held*, the third amended complaint states in a different form what was sought to be stated in the original complaint; the true rule by which it may be determined whether a new cause of action is stated, or whether no substantial change has been made is: Did the plaintiff so state his cause of action originally as to show he had a right to receive

⊛⟶See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

what he subsequently claimed? In other words, in this case, if
the original cause of action showed that there was a debt due to
plaintiff from the defendants, and the present third amended
complaint also showed that there was a debt due plaintiff from
defendants, there would be no substantial change in the cause of
action, although there might be a change, without changing the
cause of action substantially in the amount prayed for, or in the
nature of the relief sought.

**2. Pleading ☞49, 250—Change in Prayer for Relief.**

The mere fact that the third amended complaint omits to
pray for some of the relief asked in the original complaint does
not in any way affect the cause of action. What is prayed for in
the complaint does not afford a criterion for determining the
nature of the cause of action.

On consideration of the pleadings in this case with reference
of the motion of defendant to strike the third amended com-
plaint, because it substantially changes the cause of action, and
because two causes of action are not separately stated, I find
that the original complaint, filed September 25, 1925, attempted
to set up four separate causes of action on a contract of condi-
tional sale of a certain boat by the defendants to one James How-
ard, of which estate the plaintiff is executor. The first cause
of action in the original complaint would seem to set forth that
the defendants wrongfully charged the said Howard with in-
surance premiums on the boat; the second, third, and fourth
causes of action refer to the number of fish delivered to the
defendants by the plaintiff, Howard, and claim certain credits
therefor, and finally allege that there is due to plaintiff a balance
on each cause of action. The present third amended complaint
sets up the contract in full, and delivery of fish at certain prices
during the years from 1919 to and including 1924, by plaintiff's
testator during his lifetime, and by testator's wife since his death,
under the original contract made between Howard and defend-
ants, covering the period mentioned in the four separate causes
of action in the first complaint; that the items were all delivered
within one year of the other; and prays judgment for the full
amount of the fish delivered.

Wm. L. Paul, of Ketchikan, for plaintiff.
H. L. Faulkner, of Juneau, for defendant.

REED, District Judge. I do not think, from reading the third amended complaint, there is more than one cause of action alleged therein. It does not appear to me that there is a substantial change in the cause of action. The present complaint simply states in a different form what was sought to be stated in the original complaint. The true rule by which it may be determined whether a new cause of action is stated, or whether no substantial change has been made, is: Did the plaintiff so state his cause of action originally as to show he had a right to receive what he subsequently claimed? In other words, in this case, if the original cause of action showed that there was a debt due plaintiff from the defendants, and the present third amended complaint also showed that there was a debt due plaintiff from the defendants, there would be no substantial change in the cause of action, although there might be a change, without changing the cause of action substantially in the amount prayed for, or in the nature of the relief sought.

It is true that in the original complaint the plaintiff prayed for an injunction against the defendants taking and disposing of the boat mentioned in the contract; but, in this third amended complaint, plaintiff merely prays for judgment for the amount of fish delivered under the contract, and omits to pray for the issuance of an injunction and the delivery of the boat to him. The mere fact that the third amended complaint omits to pray for some of the relief asked in the original complaint does not in any way affect the cause of action. What is prayed for in the complaint does not afford a criterion for determining the nature of the cause of action. Miller v. Thompson, 40 Nev. 35, 160 P. 775; Cassinella v. Allen, 168 Cal. 677, 144 P. 746.

In view of the invariable rule that amendments of this nature should be liberally allowed, I think that the motion should be denied; and it is so ordered. The usual time to further plead is granted.