[S. F. No. 12347. Department Two.—May 2, 1928.]

LLOYD A. MEISNER, Respondent, v. MARGARET McINTOSH et al., Appellants.

William F. Rose for Appellants.

James H. Boyer for Respondent.

LANGDON, J.—This is an appeal by the defendant from a judgment against her for $2,361.56 in an action for damages for fraud. The facts as found by the trial court are: That on the twenty-seventh day of March, 1924, and at the time of the transfer thereof to defendant Margaret McIntosh, plaintiff was the owner and in the possession of a certain described parcel of real property in Berkeley, then having a fair market value over and above all liens and encumbrances of the sum of $1,525, which facts were then known to John McIntosh and Margaret McIntosh. That in the months of March and April, 1924, and many times prior thereto, at said county of Alameda, for the purpose and with the intent of cheating and defrauding plaintiff, defendants represented to said plaintiff that said John McIntosh and Margaret McIntosh were the owners of a certain described piece or parcel of real property in the county of Calaveras, state of California, consisting of 160 acres, and in the month of April, 1924, and prior to the sale of said property to plaintiff, said John McIntosh, acting for himself and as the agent of said Margaret McIntosh, pointed out to this plaintiff a spring of water, and stated to this plaintiff that said spring of water was located on said 160 acres of land then claimed to have been owned by said John McIntosh and Margaret McIntosh. That many times prior to the first day of April, 1926, said Margaret McIntosh and John McIntosh offered to trade said land in Calaveras County, to plaintiff, subject to the encumbrances thereon, for said property in the city of Berkeley owned by plaintiff, together with the promissory note of plaintiff, payable to said John McIntosh and Margaret McIntosh, in the sum of $580. That, relying upon said representations of said John McIntosh and Margaret McIntosh, and because thereof, said plaintiff accepted said proposal of exchange. That plaintiff believed in and relied upon said representations, offers, and promises made to him by said Margaret McIntosh and John McIntosh, and because thereof, thereafter, subsequent to the twenty-seventh day of March, 1924, executed a grant deed granting and conveying to said Margaret McIntosh said real property owned by plaintiff in said city of Berkeley, and on said last-named date plaintiff also executed to said Margaret

McIntosh and John McIntosh his said promissory note in the sum of $580. That plaintiff received no other consideration, and neither said John McIntosh nor Margaret McIntosh parted with anything for the transfer and conveyance by plaintiff of said Berkeley property to Margaret McIntosh and the execution and delivery of said note for $580 except the said deed purporting to convey to plaintiff said land in Calaveras County. That neither said John McIntosh nor said Margaret McIntosh on the twenty-seventh day of March, 1924, or at any time thereafter, owned any right, title, or interest in or to said land in Calaveras County, and said spring of water was not on said land, but was situate on other and adjoining land, which latter property was at no time owned by John McIntosh and Margaret McIntosh, or either of them; all of which facts were at all times herein mentioned well known to said John McIntosh and Margaret McIntosh and unknown to plaintiff for more than one year subsequent to the execution of said deeds. That prior to discovering that said John McIntosh and Margaret McIntosh were not the owners of said real property in Calaveras County, or any part thereof, and that said spring of water was not on said or any land owned by said defendants, and without knowledge of the falsity of said representations made to him as aforesaid, and within six months after the execution by him of said note, said plaintiff paid to said John McIntosh and Margaret McIntosh said sum of $580, named as the principal sum in said promissory note, together with the interest accrued thereon, and said note was thereupon returned to plaintiff. That no part of said sums has been repaid to plaintiff.

That on or about August 15, 1924, said Margaret McIntosh and John McIntosh sold, transferred, and conveyed said real property situate in Berkeley, previously granted to them by plaintiff, to Earl W. and Virginia E. Weber, who ever since have been and now are the owners thereof.

An examination of the record discloses that the contention of appellant that the evidence does not support the findings is without merit. The testimony of the plaintiff supports the findings made by the trial court.

It appears that after plaintiff discovered the fraud which had been practiced upon him and threatened to com-

mence criminal proceedings, defendants executed a deed purporting to convey to plaintiff a 200-acre tract of land, located about a mile from the quarter-section which they had sold to him; that John McIntosh caused said deed to be recorded and gave instructions to the recorder to mail said deed to plaintiff. It also appears that the preparation and recording of this deed was all without the knowledge, acquiescence, or consent of plaintiff. Under the circumstances, there was no delivery of this deed to plaintiff. Delivery cannot be made without the consent, express or implied, of the grantee. There is, therefore, no merit to appellant's contention that a reconveyance should have been made by plaintiff as a condition precedent to his recovery in this action.

█ Appellant attacks the judgment as being in excess of the amount demanded in the complaint. Section 580 of the Code of Civil Procedure, expressly declares that where an answer is filed, the court may grant the plaintiff any relief consistent with the case made by the complaint and embraced within the issues. In the case of *Cassinella* v. *Allen*, 168 Cal. 681 [144 Pac. 748], it is said: "Although the plaintiff, by praying for less than is his due, exposes himself to the risk, in case of default, of having to take judgment for a limited relief, he does not, by the mere filing of his complaint, irrevocably surrender or release the balance of his demand. The complaint is still subject to amendment, and it is also possible that the defendant, by answering, may enlarge the scope of the relief to any extent 'consistent with the case made by the complaint and embraced within the issues.' (Code Civ. Proc., sec. 580.) If the defendant wishes to have the relief limited to that prayed for, he must allow the case to reach the status contemplated by section 580, i. e., that of an application for judgment by default, upon failure to answer." To the same effect is the case of *Potter-Huffman Co.* v. *Witcher*, 48 Cal. App. 96 [191 Pac. 725].

█ . Certain allegations were made in affidavits filed by defendant upon her motion for a new trial, which allegations either directly or indirectly tended to contradict the testimony of plaintiff in certain particulars. Of course, the substance of these affidavits cannot be considered in connection with the contention of the appellant that the evidence

does not support the findings. At the most the allegations in the affidavits would but create a conflict in the testimony and such allegaions were not before the court at the time of making its findings. As to the refusal of the trial court to grant the motion for a new trial we are of the opinion that its discretion was properly exercised in this matter, as the defendant should have produced at the trial any testimony available to contradict that offered by the plaintiff.

The judgment is affirmed.

Richards, J., and Shenk, J., concurred.