Filed 2/25/14  Tinoco v. Deutsche Bank Nat. Trust Co. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| SERAFIN TINOCO, | D063125 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2009-00057444-CU-CO-NC) |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, | |
| Intervener and Respondent. | |


APPEAL from a judgment of the Superior Court of San Diego County, Thomas P. Nugent, Judge.  Affirmed.

William L. Conti for Plaintiff and Appellant

Houser & Allison, Sara L. Markert for Intervener and Respondent.


INTRODUCTION

Serafin Tinoco appeals from a grant of summary judgment for Deutsche Bank

National Trust Company, as Trustee for Morgan Stanley IXIS Real Estate Capital Trust

2006-2 Mortgage Pass Through Certificates, Series 2006-2 (Deutsche), on Tinoco's complaint and Deutsche's complaint in intervention. Tinoco contends we must reverse the judgment because there were triable issues of material fact and the court erroneously overruled his objection to one of Deutsche's supporting declarations. We conclude these contentions lack merit and affirm the judgment.

BACKGROUND[1]

Tinoco borrowed $462,000 from Master Financial, Inc. (Master). The loan was evidenced by an adjustable rate note. The note was secured by a deed of trust on residential real property.[2] The deed of trust identified Master as the lender and Mortgage Electronic Registration Systems, Inc. (MERS) as the lender's nominee and the beneficiary of the deed of trust.

Approximately two and a half years after Tinoco obtained the loan, Old Republic Default Management Services (Old Republic) at the behest of MERS and then loan servicer, Saxon Mortgage Services, Inc. (Saxon), recorded a notice of default and election to sell the property.[3] Approximately five months later, Old Republic recorded a notice of trustee's sale.

---

[1] This case has a lengthy history. We have confined our background summary to the facts necessary to resolve the issues raised on appeal.

[2] There are indications in the record the property was Tinoco's second home.

[3] Approximately 10 months after Tinoco filed this action Ocwen Loan Servicing LLC (Ocwen) took over the servicing of Tinoco's loan.

Less than a week before the scheduled sale, Tinoco filed a complaint for damages and injunctive relief against Master, MERS, Old Republic, Saxon, and Premier Lending Group, Inc., the broker of Tinoco's loan. The complaint generally alleged the defendants engaged in fraudulent and unlawful lending practices. It sought rescission of the loan and other relief. Two days after filing the complaint, Tinoco obtained a temporary restraining order and later a preliminary injunction enjoining the sale.

Several months after Tinoco filed the complaint, Saxon and MERS's counsel advised Tinoco's counsel that Deutsche, rather than Master, was the current note holder and requested Tinoco's counsel add Deutsche as a defendant in the action. At the time, Saxon and MERS's counsel did not supply proof of the ownership transfer and Tinoco's counsel decided not to add Deutsche to the complaint.

Meanwhile, Master never appeared in the action and Tinoco obtained a default judgment against Master. The default judgment included an order rescinding the note and deed of trust effective upon Tinoco paying Master restitution of $321,007 less an offset for damages the court awarded against Master. Tinoco never paid the restitution.[4]

Approximately three months after Tinoco obtained the default judgment against Master, Deutsche filed a motion to intervene in the action. The court granted the motion two months later and deemed Deutsche's complaint in intervention filed the same day. The complaint in intervention contained a single cause of action for declaratory relief and

---

4    Since Master never appeared, Tinoco was to pay the restitution by depositing the money with the Clerk of the Superior Court.

3

a prayer requesting the court declare: (1) Deutsche held the beneficial interest in the deed of trust; (2) the rescission portion of the default judgment entered against Master was ineffective against Deutsche; (3) the time period for seeking rescission against Deutsche had expired; and (4) Deutsche was within its rights to continue with the foreclosure process. Appended to the complaint in intervention was an assignment of deed of trust stating MERS as Master's nominee assigned the deed of trust to Deutsche. The assignment was made approximately three months after Tinoco obtained a default judgment against Master, but its effective date was a few months after Tinoco obtained his loan, which was more than four years earlier.

Deutsche subsequently moved for summary judgment on its complaint in intervention and Tinoco's complaint. In support of its motion, Deutsche presented evidence that within a few months after Tinoco obtained his loan the loan was pooled with others and transferred to Deutsche. As part of the transfer, Deutsche received the original loan file, which included the original wet ink signature note and the original wet ink signature allonge from Master.[5] The allonge, which was signed by "Barbara Ybarra, Operations Manager," endorsed the note in blank and made it payable without recourse.

The court granted Deutsche's motion, finding "as a matter of law that the default judgment was not binding on Deutsche. At the time the default judgment was entered, Deutsche was an indispensable party despite the fact that [Tinoco], through no fault of his

---

5 An allonge is "[a] slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with indorsements." (Black's Law Dict. (9th ed. 2009).)

own, was not in possession of documents supporting such fact. It was not necessary for the assignment of [the deed of trust] to Deutsche to be recorded or formally executed before Deutsche's interest in the note and deed of trust was established. 'Since the endorsement and delivery of a secured note carries the security with it [citation], no formal assignment of the trust deed is necessary.' [Citation.] 'An assignment of a deed of trust is complete on its effective date rather than on date it is recorded.' [Citation.] As an indispensible party, Deutsche was not bound by the default judgment."

## DISCUSSION

"On appeal after a motion for summary judgment has been granted, we review the record de novo, considering all the evidence set forth in the moving and opposition papers except that to which objections have been made and sustained. [Citation.] Under California's traditional rules, we determine with respect to each cause of action whether the defendant seeking summary judgment has conclusively negated a necessary element of the plaintiff's case, or has demonstrated that under no hypothesis is there a material issue of fact that requires the process of trial, such that the defendant is entitled to judgment as a matter of law." (*Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 334.)

## I

## A

### *Evidentiary Objections*

Preliminarily, we address Tinoco's contention the court erred in overruling his objection to the declaration of Nichelle Jones. Of relevance to this appeal, Jones declared she was a loan analyst for Ocwen, the current servicer of Tinoco's loan (see fn. 3, *ante*),

5

and was familiar with Ocwen's business operations and services. Her job duties included verifying Ocwen's business records, which were made by Ocwen employees at or near the time of their occurrence. She reviewed Ocwen's records related to Tinoco's loan and based on her review, she declared Ocwen's business records contained the original collateral file for the loan, including the original wet ink signature note, the original wet ink signature allonge by Master, and a certified copy of the original wet ink signature of the assignment of deed of trust. She further declared Ocwen's business records included agreements indicating Tinoco's loan was pooled and transferred to Deutsche a few months after the loan was made.

Tinoco objected to the entirety of the declaration, arguing it lacked foundation in personal knowledge and was hearsay. More particularly, Tinoco argued the only knowledge base for Jones' declaration was her review of files originated and initially maintained by Ocwen's predecessor, Saxon, of whose recordkeeping practices she did not claim any personal knowledge. He reiterates the same arguments on appeal.

B

"Evidence submitted for or against a motion for summary judgment must be admissible if being offered at trial." (*Kincaid v. Kincaid* (2011) 197 Cal.App.4th 75, 82.) Although the California Supreme Court has not decided the matter (*Reid v. Google, Inc.* (2010) 50 Cal.4th 512, 535), the majority view is that an appellate court reviews the trial court's evidentiary rulings on summary judgment for abuse of discretion. (*Kincaid v. Kincaid*, *supra*, at. pp. 82-83.)

6

In this case, Deutsche offered Jones' declaration, at least in part, to establish certain documents contained in Ocwen's files, including the original wet ink signature note, the original wet ink signature allonge by Master, the certified copy of the original wet ink signature assignment of deed of trust, and the agreements pooling and transferring Tinoco's loan to Deutsche, fell within the business records exception to the hearsay rule.  (Evid. Code, § 1271.)  Tinoco's objections to the declaration, though not as precise as they could be or in proper form, challenged this point.

Ultimately, this point is of no moment because the documents were operative contractual documents and not hearsay.  " '[W]ritten or oral utterances, which are acts in themselves constituting legal results in issue in the case, do not come under the hearsay rule.' "  (*Kunec v. Brea Redevelopment Agency* (1997) 55 Cal.App.4th 511, 524; see *Jazayeri v. Mao* (2009) 174 Cal.App.4th 301, 316 [documents containing the words forming an agreement are not hearsay]; *Remington Investments, Inc. v. Hamedani* (1997) 55 Cal.App.4th 1033, 1042 [operative contractual documents do not fall within the hearsay rule].)  We, therefore, conclude the court did not abuse its discretion in overruling Tinoco's objections to Jones's declaration.

II

*Ownership of Note*

Tinoco's remaining challenges center on whether there are triable issues of material fact as to the timing of Deutsche's acquisition of the note and the validity of the allonge negotiating the note from Master to Deutsche.  We conclude there are not.

7

As to the timing of Deutsche's acquisition of the note, uncontroverted evidence, including the initial certification of trustee and the declaration of Barbara Campbell, established Deutsche received the original wet ink signature note from Master within a few months after Master made the loan to Tinoco. This was well before Tinoco filed his complaint and obtained the default judgment against Master.

Tinoco no longer seriously disputes this timing, but nonetheless contends we must reverse the judgment because Deutsche did not meet its moving burden of establishing the allonge transferring the note was valid. More particularly, he faults Deutsche for not presenting evidence showing: (1) the allonge was necessary because there was insufficient space on the note for Master's endorsement, (2) the allonge was affixed to the note, and (3) the allonge was signed by an officer of Master. We are not persuaded by these contentions.

First, California law permits the use of an allonge even if there is space on the note for an endorsement. (Cal. U. Com. Code § 3204, subd. (a) ["For the purpose of determining whether a signature is made on an instrument, a paper affixed to the instrument is a part of the instrument."]; see also U. Com. Code, com. 1, 23A pt. 2 West's Ann. Cal. U. Com. Code (2002) foll. § 3204, p. 251 ["An indorsement on an allonge is valid even though there is sufficient space on the instrument for an indorsement."].) Tinoco's reliance on *Pribus v. Bush* (1981) 118 Cal.App.3d 1003 is misplaced because that decision interprets former section 3202, subdivision (2), which was superseded by the enactment of section 3204 in 1992. (See also U. Com. Code, com. 1, 23A pt. 2

8

West's Ann. Cal. Com. Code (2002) foll. § 3204, p. 251 ["The last sentence of subsection (a) is based on subsection (2) of former Section 3-202"].)

Second, although Deutsche submitted copies of the promissory note and the allonge as separate exhibits to its summary judgment motion, this does not by itself raise an inference the original allonge was not affixed to the original promissory note. In addition, the record shows Tinoco's counsel personally inspected the original documents. Had the original allonge not been affixed to the original promissory note, Tinoco's counsel could have submitted a declaration so stating and he did not. Further, there is a long-standing presumption a party possessing a note endorsed in blank owns the note. (*Bank of California v. J. L. Mott Iron Works* (1896) 113 Cal. 409, 412; *McCann v. Lewis* (1858) 9 Cal. 246, 246-247.) In fact, the presumption of ownership by the possessing party applies even when the note is not endorsed. (*McKey v. MacIntosh* (1920) 45 Cal.App. 628, 629; see *Vance v. Gilbert* (1918) 178 Cal. 574, 579 [transfer of possession of a note is sufficient to transfer title to the note].) As Deutsche established possession of the note, Deutsche was not required to also establish the allonge was affixed to the note in order to meet its moving burden.

Finally, in an action on an instrument, the authenticity and authority of each signature on the instrument is admitted unless specifically denied in the pleadings. (Cal. U. Com. Code, § 3308, subd. (a).) Tinoco's answer to the complaint in intervention does

9

not specifically deny the authenticity and authority of the signature on the allonge.[6]

Consequently, Deutsche was not required to present any evidence establishing the signature's authenticity and authority.

DISPOSITION

The judgment is affirmed.  Respondent is awarded costs on appeal.

McCONNELL, P. J.

WE CONCUR:

HALLER, J.

McINTYRE, J.

---

[6]     Tinoco's answer contained a general denial and affirmative defenses labeled: failure to state a claim, res judicata, judicial estoppel, estoppel, waiver, laches, real party in interest, and reservation of other affirmative defenses.