[Sac. No. 1000.    Department One.—October 17, 1903.]

## HARMON P. ANDERSON, Appellant, v. BANK OF LASSEN COUNTY et al., Respondents.

JUDGMENT—FRAUD UPON CREDITORS—EXCESS OVER SUM DUE—RELIEF IN EQUITY—CREDITOR'S BILL.—An action will lie in favor of a creditor of a mining company, in behalf of himself and other creditors, to set aside a judgment against it in favor of the defendant bank, and to enjoin its collection, where it appears that it was procured

by fraud and collusion in a large sum in excess of the amount due to the bank, with intent to hinder and delay the other creditors of the mining company.

ID.—FRAUD IN PROCUREMENT OF JUDGMENT.—A judgment may be attacked in equity for fraud in its procurement, where the jurisdiction of the court has been imposed upon, or the prevailing party, by some extrinsic and collateral fraud, has prevented a fair submission of the controversy, or where the fraud was practiced in the very act of obtaining the judgment.

ID.—PLEADING—GENERAL DEMURRER—CAUSE OF ACTION—REDUNDANT MATTER—DEFECTS IN STATEMENT.—Where the facts well stated and appearing by fair intendment constitute a cause of action for relief against the judgment, a general demurrer to the complaint should be overruled, notwithstanding there is much redundant matter in the complaint, and necessary facts are inaccurately or ambiguously stated or appear by necessary implication.

APPEAL from a judgment of the Superior Court of Lassen County. F. A. Kelly, Judge.

The facts are stated in the opinion of the court.

Boardman & Boyd, for Appellant.

The complaint states a cause of action. (Civ. Code, sec. 3439; *Mason* v. *Vestal*, 88 Cal. 397;[1] *Wilcoxson* v. *Burton*, 27 Cal. 235;[2] *Tully* v. *Harloe*, 35 Cal. 308-310; *Sukeforth* v. *Lord*, 87 Cal. 408, 409; *Judson* v. *Lyford*, 84 Cal. 509, 510; 1 Black on Judgments, sec. 293.)

W. N. Goodwin, and Goodwin & Goodwin, for Respondents.

The charge of fraud is too general, and no cause of action is stated. (*Harris* v. *Taylor*, 15 Cal. 348; *Oroville R. R. Co.* v. *Plumas County*, 37 Cal. 363; *Hiller* v. *Dyerville Mfg. Co.*, 116 Cal. 132.) The fraud alleged was not extrinsic or collateral to the merits. (*Hanly* v. *Hanly*, 114 Cal. 693; *Langden* v. *Blackburn*, 109 Cal. 26; *Fealey* v. *Fealey*, 104 Cal. 358;[3] *Estate of Moore*, 96 Cal. 527; *Pico* v. *Cohn*, 91 Cal. 129;[4] *Gruwell* v. *Seybolt*, 82 Cal. 10.)

SHAW, J.—The plaintiff appeals from a judgment against him given by the court below upon a general demurrer to the

[1] 22 Am. St. Rep. 310.   [3] 43 Am. St. Rep. 111, and note.
[2] 87 Am. Dec. 66.   [4] 25 Am. St. Rep. 159, and note.

complaint. The complaint attempts to state a cause of action to set aside a judgment in favor of the Bank of Lassen County against the Hayden Hill Gold Eagle Mining Company, and to enjoin the collection thereof, upon the ground that it was procured by fraud, and with the intent to hinder and delay the creditors of said mining company, the plaintiff being one of them.

The material facts alleged are as follows: Plaintiff was a creditor of said mining company, and began an action on his debt, and procured an attachment therein, which was, on April 21, 1900, levied on certain real property, which comprised all the property of the mining company subject to execution, and judgment was duly rendered in the action on July 27, 1900, for $2,628.54. The mining company was at all the times in controversy insolvent. The defendant Bank of Lassen County, on December 21, 1899, began an action against the mining company to recover the sum of $27,305, and procured an attachment therein, which on the same day was levied upon the same property as that included in plaintiff's levy. Thereafter, on January 15, 1900, with intent to hinder and delay the plaintiff and other creditors of the mining company in the collection of their just debts, the bank and one Robert J. Kerr, who claimed to act as the authorized attorney of the mining company, made an agreement that the bank should take judgment in said action against the mining company for $26,407.46, with interest and costs. In pursuance of said agreement, and "collusively," and "in fraud of the rights of the creditors" of said mining company and other creditors, a judgment was entered in said action on August 2, 1900, in favor of the bank against the mining company, for $28,028.46 and costs. Kerr was not the attorney for the mining company, and was not authorized to make the agreement or to consent to the judgment. The judgment so entered in favor of the bank "was in excess of the allegations of the complaint therein, and was, and is, in excess of all lawful and just indebtedness of principal or interest due and owing from said" mining company to the bank; the mining company "was not then indebted to the said bank in the sum of $26,407.46, and the same was largely in excess of its just demands"; and said mining company was not then indebted to

the bank for any interest whatever. Execution was issued upon said judgment in favor of the bank and placed in the hands of the defendant Wilson, sheriff of Lassen County, who was about to sell the said property thereon to satisfy the judgment. Plaintiff is entitled to redeem from any sale of the land that may be made by the sheriff under the execution in favor of the bank, and unless the defendants are restrained and enjoined from collecting said judgment and making such sale of said property the plaintiff and other redemption creditors will be required to pay a greater sum for the redemption of said property under such sale than was or is justly due or owing to said bank from said mining company, and in excess of all lawful demands for interest against said mining company in the sum of $1,621.05.

The point that a judgment cannot be thus attacked for fraud in its procurement is not well taken. A judgment will be set aside when "the jurisdiction of the court has been imposed upon, or the prevailing party, by some extrinsic or collateral fraud, has prevented a fair submission of the controversy," or where the fraud was "practiced in the very act of obtaining the judgment." (*Pico* v. *Cohn,* 91 Cal. 133;[1] *Zellerbach* v. *Allenberg,* 67 Cal. 298.) And the authorities sustain the proposition that where by collusion and for the purpose of defrauding other creditors one creditor obtains judgment against the debtor by his consent or connivance for a larger sum than is due, such judgment is void as against the other creditors. In *Wilcoxson* v. *Burton,* 27 Cal. 235,[2] the debtor gave a note to one of his creditors for nine thousand dollars more than was owing, and thereafter confessed judgment on the note for the full amount, with the intent to defraud his other creditors. The judgment so given was declared to be void as to the other creditors. In *Tully* v. *Harloe,* 35 Cal. 308,[3] the same doctrine was applied to a judgment taken on a mortgage given with like intent for a sum substantially in excess of the amount due the mortgagee. (See, also, *Mendes* v. *Freiters,* 16 Nev. 397.)

The facts above stated, taken from the allegations of the complaint, show by fair intendment that by collusion be-

[1] 25 Am. St. Rep. 159, and note.        [3] 95 Am. Dec. 102.
[2] 87 Am. Dec. 66.

tween the debtor and creditor, and wi.h the intent to hinder, delay, and defraud the remaining creditors of the mining company, the judgment in question was taken for $1,621.05 in excess of the sum that was due to the bank. Another allegation is to the effect that the property of the mining company subject to execution is insufficient to pay the plaintiff's judgment. The complaint further alleges that the plaintiff sues for himself and in behalf of the other creditors, who are too numerous to be made parties.

It is urged by respondent that the facts are not stated with sufficient clearness. Many facts are averred in addition to those above enumerated, and we have culled our statement from the complaint by selecting the allegations stated by us from among those stated at great length in the complaint. But the fact that the complaint contains much redundant matter does not render it subject to attack by general demurrer, if among the many redundant allegations enough material facts are stated to constitute a cause of action. And where in the face of a general demurrer to the complaint "the necessary facts are shown to exist, although inaccurately or ambiguously stated, or appearing by necessary implication" only, the complaint will be held sufficient. (*Amestoy* v. *Electric R. T. Co.,* 95 Cal. 311; *Williams* v. *Ashe,* 111 Cal. 189; *Mullally* v. *Townsend,* 119 Cal. 52; *Haskins* v. *Jordan,* 123 Cal. 159; *Bringham* v. *Knox,* 127 Cal. 44; *Larkin* v. *Mullen,* 128 Cal. 453.) We are of the opinion that the facts, well stated and appearing by fair intendment in the complaint, are sufficient to constitute a cause of action in favor of the plaintiff against the defendants, and therefore that the court below erred in sustaining the general demurrer and in giving judgment thereon against the plaintiff.

The judgment is reversed and the cause remanded for further proceedings in accordance with this opinion.

Angellotti, J., and Van Dyke, J., concurred.

Hearing in Bank denied.