[Sac. No. 2224.   Department Two.—July 26, 1916.]

WOODS CENTRAL IRRIGATING DITCH COMPANY, Respondent, v. PORTER SLOUGH DITCH COMPANY et al., Appellants.

Quieting Title—Water Rights—Issues—Power to Apportion Water.  In an action to quiet title to a portion of the waters of a river, where defendant's answer asserted an estate and interest therein, and also in the waters of a slough having its source in the river, under the issues thus presented the court had power to determine the proper division of the waters of the slough as well as those of the river.

Id.—Pleading—Scope of Relief—Answer.—A defendant by answering may enlarge the scope of the relief to any extent consistent with the pleadings and embraced within the issue.

APPEAL from a judgment of the Superior Court of Tulare County, and from an order denying a new trial.   W. B. Wallace, Judge.

The facts are stated in the opinion of the court.

Power & McFadzean, and Murry & Knupp, for Appellants.

Bradley & Bradley, N. O. Bradley, and E. C. Farnsworth, for Respondent.

MELVIN, J.—Defendant appeals from an adverse judgment and from an order denying its motion for a new trial.

The action was brought to quiet plaintiff's title to a portion of the waters of Tule River. Defendant, by its answer, admitted that it did claim an estate and interest in the waters of Tule River and Porter Slough, but denied that such claim was without right. There were other allegations in the answer which we will discuss later.

The court found that plaintiff was entitled to eighty cubic feet per second (the amount to which plaintiff asserted title) whenever that quantity of water was running in Tule River at the point of diversion of plaintiff's ditch, and that defendant was entitled to 67.6 cubic feet per second (the amount claimed) when that quantity of water was flowing in Porter Slough. Defendant, however, objects to a priority improperly granted (so it is asserted) to plaintiff, and contends further that certain findings are entirely without the issues.

The court found that Tule River is and has been from time immemorial a natural watercourse having its source in the Sierra Nevada Mountains and flowing thence in a general westerly direction; that from a point on or near section 4, township 22 south, range 28 east, Mount Diablo Base and Meridian, in Tulare County, said stream was until 1862 accustomed to flow in two or more natural channels, one of which was called Porter Slough and the other Tule River, the former flowing through the town of Porterville and the latter to the north of said town; that in 1862 the channel changed so that the stream which formerly ran north of the town became dry, and a new channel was formed which runs south of Porterville and has ever since been called Tule River. The court further found "that from time immemorial the said Porter Slough has been and still is a natural stream, channel and watercourse having its source at Tule River at or near said section 4, and that from time immemorial a portion of the waters of said Tule River have been accustomed to run and flow in said channel of Porter Slough westerly through the town of Porterville and thence in a westerly and northwesterly direction, when there was sufficient water in said Tule River to enable the same to naturally flow from said Tule River into said Porter Slough as in these findings stated; that one hundred and forty cubic feet of water per second of the waters of Tule River naturally flow, and should be allowed to flow, on down

Tule River below the point where the Porter Slough leads therefrom before any of the waters of said Tule River naturally flow, or should be allowed to flow, in said Porter Slough; that the next forty cubic feet per second of the waters of Tule River naturally flow, and should be allowed to flow, from said Tule River into said Porter Slough, and that all waters of the Tule River naturally flowing in said Tule River over and above one hundred and eighty cubic feet per second at the point where Porter Slough leads therefrom naturally divide, and should be divided, between said Tule River and said Porter Slough at the ratio of one hundred to said Tule River and forty to said Porter Slough, that is to say, when the waters of said Tule River at the point where said Porter Slough leads therefrom, exceed in amount one hundred and eighty cubic feet of water per second then five-sevenths of such excess naturally flow and should be allowed to flow on down said Tule River, and two-sevenths of such excess naturally flow and should be allowed to flow into and down said Porter Slough, and that proper appliances should be constructed and maintained in Tule River, at the point where Porter Slough leads therefrom, so that the waters of said Tule River shall flow in Tule River below said point and in said Porter Slough below said point, in the respective quantities herein determined, and not otherwise.''

There were other findings to the effect that the plaintiff corporation was at the time of the commencement of the action, and at the time of the trial, the owner in fee of a certain irrigating ditch which leads out of Tule River at a specified point below the source of Porter Slough, and that said plaintiff was the owner of and entitled to divert for beneficial purposes eighty cubic feet per second of the water of said stream when there was that quantity flowing therein; that ever since 1887 first the predecessors in interest of defendant, and afterward defendant itself had, by means of a ditch and by dams in the channel and headgate in the ditch, diverted from Porter Slough at a point near Porterville 67.6 cubic feet of water per second whenever that quantity was flowing in the slough at the head of defendant's ditch; that said water had always been used for irrigation and other beneficial purposes; and that defendant was entitled to the quantity of water claimed when Porter Slough carried that amount at the head of its ditch. But it was found that defendant's use of the water was

not at all times open, exclusive, peaceable, continuous, under claim of right or hostile to plaintiff or its predecessors in interest or to the whole world. There were findings that defendant and its predecessors had been accustomed to keep the channel of Porter Slough cleaned out and in condition to receive and carry its waters, and that they had been accustomed annually to remove from the head of Porter Slough the gravel and boulders washed in by the high waters of Tule River. It was found that the owners of the Porter Slough ditch had conducted the waters of the Porter Slough from Tule River to the head of their ditch for more than thirty years, but that the diversion of water into Porter Slough had not interfered with the rights of plaintiff until within five years next before the commencement of the action, and that the defendant was entitled to its demanded *quantum* of water only when that volume would naturally flow into Porter Slough.

Appellant calls our attention to the fact that the complaint merely asks for a decree quieting plaintiff's title to a portion of the waters of Tule River, and that the elaborate findings regarding the proportion of the water flowing naturally by and beyond the source of Porter Slough in Tule River, and that running into said slough at the point where it takes its rise, are outside of any issue possibly raised or triable in a simple suit to quiet title to water. Defendant's position is that the only issues before the court are (1) the title of plaintiff to the waters of Tule River, (2) defendant's right to divert water from Tule River into Porter Slough, and (3) the question of priority of the rights of the respective parties to divert water from the Tule River. Appellant earnestly insists that the court's finding which divided and apportioned the waters of Tule River between two natural water channels—Tule River and Porter Slough—was entirely without the issues and beyond the province of the court in determining the rights of the contending parties. It is said that the complaint fails to allege that Woods Central Irrigating Ditch Company ever claimed the flow of any specific quantity of water past the head of Porter Slough and that for that reason there was no basis for the apportionment. In this behalf appellant cites such cases as *Schirmer* v. *Drexler,* 134 Cal. 134, [66 Pac. 180], *Wallace* v. *Farmers' Ditch Company,* 130 Cal. 578, [62 Pac. 1078], *Reed* v. *Norton,* 99 Cal. 617, [34 Pac. 333], and *Kredo*

v. *Phelps,* 145 Cal. 526, [78 Pac. 1044]. Respondent's counsel concede the existence of the rule invoked, but take the position that defendant's amended answer made all of the matters upon which the court found both relevant and absolutely necessary to a just determination of the cause. In its amended answer, and also in its original answer (the two differing in this respect only in the amount of water claimed), defendant not only asserted its right to take water from Porter Slough, but averred that for more than thirty years it and its predecessors had been accustomed to keep the channel of Porter Slough free from obstructions, to divert its alleged share of the waters of Tule River into Porter Slough, and to conduct the water so diverted through the channel of said Porter Slough to the head of the Porter Slough ditch. We think this pleading brought squarely within the issues the proper division of the waters of Tule River and Porter Slough. In effect defendant pleaded and proved that by using Porter Slough as an artificial channel, cleared of the accumulations brought down by flood waters, its right to diversion began at Tule River. It was, therefore, entirely proper for the court to determine exactly how much water defendant might take from Tule River at the very point where, according to the answer, defendant's right to the water attached. Section 580 of the Code of Civil Procedure, provides that if there be no answer the relief granted plaintiff may not exceed his demands, but in any other case the court may grant any relief consistent with the case made by the complaint and embraced within the issues. Defendant, by answering, may enlarge the scope of the relief to any extent consistent with the pleadings and "embraced within the issue." (*Cassinella* v. *Allen,* 168 Cal. 677–680, [144 Pac. 746]; *Nathan* v. *Dierssen,* 164 Cal. 607–611, [130 Pac. 12].)

It does not appear from the findings that defendant's right to a portion of the waters of Tule River antedated that of plaintiff, but even if it were apparent the mere matter of prior appropriation was not relevant. The reason for this is obvious and is seen in the finding that only within five years before the commencement of the action had defendant interfered with the natural division of the water flowing down Tule River to the head of Porter Slough. Mere taking of the natural flow into Porter Slough would not vest in defendant

any right to alter the course of nature and by artificial means cause a greater flow into the slough.

No other matters demand analysis.

The judgment and order are affirmed.

Henshaw, J., and Lorigan, J., concurred.

Hearing in Bank denied.