[Civ. No. 7205. First Appellate District, Division One.—April 11, 1930.]

KATHERINE SECONDO, Petitioner, v. SUPERIOR COURT OF MONTEREY COUNTY et al., Respondents.

Anthony S. Devoto and Devoto & Richardson for Petitioner.

Sans & Hudson and Wyckoff & Gardner for Respondents.

THE COURT.—An application for a writ of mandate, requiring the Superior Court of Monterey County and the judge thereof to enter an order, making petitioner a party defendant to an action pending therein numbered 11514 and entitled "Joseph Secondo and Pete Secondo, Plaintiffs, *versus* Mitchell Secondo, Defendant." An alternative writ having issued, the matter was submitted upon the demurrer and answer of the defendants.

The following are the facts: The parties to the above action are copartners engaged in the business of farming and fruit packing. The action was brought on September 17, 1929, for a dissolution of the partnership and an accounting. The partnership was formed on January 15, 1925, and in addition to certain personal property the assets of the concern comprise three parcels of realty the legal title to which appears in the name of one of the plaintiffs. Mitchell Secondo, the defendant, and Katherine Secondo, the petitioner herein, are husband and wife, and on September 4, 1929, in the Superior Court of Santa Cruz County, in an action for divorce instituted by petitioner, an interlocutory divorce was entered by which it was adjudged that all the right, title and interest of Mitchell Secondo in the

partnership real property be awarded and set aside to her. A motion for a new trial of the action was denied and thereafter an appeal was taken from the judgment by Mitchell Secondo, and is now pending. On September 21, 1929, petitioner filed in the action between the partners a motion for an order that she be brought in and made a party thereto upon the ground that the interest of her husband in the real property having been adjudged to be community property and awarded to her by the above decree, she had an interest in the subject matter of the action and was a necessary party thereto. The motion was denied, but the court by its order granted her leave to file therein a complaint in intervention.

It has been held that a grantee of a partner's interest in partnership realty is a necessary party to an accounting (*Cuyamaca Granite Co.* v. *Pacific Paving Co.*, 95 Cal. 252 [30 Pac. 525]; *Doudell* v. *Shoo*, 20 Cal. App. 424, 443 [129 Pac. 478]); and had the decree become final an order that petitioner be made a party to the action would have been proper. This, however, was not the case; and the rule is well settled that a judgment, in order to be admissible in evidence for the purpose of proving facts therein recited, must be a final judgment in the cause; and if the action in which the same is rendered is still pending, the judgment is not final (*In re Blythe*, 99 Cal. 472, 475 [34 Pac. 108]; *Chambers* v. *Farnham*, 39 Cal. App. 17, 21 [179 Pac. 423]); and an action is deemed to be pending until its final determination on appeal (Code Civ. Proc., sec. 1049). Furthermore, though a judgment may be final with reference to the court which pronounced it, and as such be the subject of appeal, yet it is not necessarily final with reference to the property or rights affected so long as it is subject to appeal and liable to be reversed (*Cook* v. *Ceas*, 143 Cal. 221, 227 [77 Pac. 65]; *Hills* v. *Sherwood*, 33 Cal. 474).

In so far as petitioner's claim to an interest in the property depended upon the judgment, her motion was properly denied. She contends, however, that having alleged in her affidavit filed in support of the motion that she had a community interest in the property, and the allegation not having been denied by the partners, and they in effect having admitted in their complaint that she had

such interest, she was by reason thereof a necessary party to the action.

Such is not the rule. As to her community interest, the wife is in privity with her husband, who, in actions involving the property, fully represents both their interests, and she is not a necessary party thereto (*Cutting* v. *Bryan,* 206 Cal. 254 [274 Pac. 326]; 31 Cor. Jur., Husband and Wife, sec. 1270, p. 160). ■ Under the facts presented petitioner was not a necessary party to the action, and it was consequently not the duty of respondent court to grant the motion. Should the interlocutory decree be affirmed an order that petitioner be made a party will no doubt be entered as required by statute (Code Civ. Proc., sec. 289; *Mitau* v. *Roddan,* 149 Cal. 1 [6 L. R. A. (N. S.) 275, 84 Pac. 145]; *Solomon* v. *Redona,* 52 Cal. App. 300 [198 Pac. 643]); but until then, so far as shown intervention will furnish a plain, speedy and adequate remedy (Code Civ. Proc., sec. 1086) for the protection of her community interest.

The petition is denied and the proceeding dismissed.