[S. F. No. 14254. In Bank.—April 26, 1933.]

JOSEPH FEIG, Appellant, v. BANK OF ITALY NATIONAL TRUST AND SAVINGS ASSOCIATION et al., as Executors, etc., Respondents.

Reisner & Deming for Appellant.

Leo R. Friedman and Jas. J. Harrington for Respondents.

WASTE, C. J.—This is an appeal from a judgment of nonsuit. Plaintiff, as the surviving husband of Mindell Feig, deceased, brought this action against the executors of her will to recover certain real and personal property.

The complaint is in three counts, the first being for money had and received in the sum of $8,600. This sum represents the aggregate of two bank deposits. The second cause of action is for the recovery of a specific deposit held by the defendant bank. The third count is in ejectment for the recovery of possession of two pieces of real property. There was no demurrer for misjoinder. All of the property, both real and personal, stood in the decedent's name at the time of her demise. It is the plaintiff's theory that the property is community property. He contends it was acquired during the marriage of the parties and placed in the decedent's name, pursuant to an oral understanding, merely as a convenience to facilitate its handling and investment. Defendants, on the other hand, urge that the property was and is the separate property of the decedent and that the plaintiff has no interest therein, except such as is conferred upon him by the decedent's will.

Plaintiff's evidence shows that the parties were married in 1889 and that they continuously lived together until the decedent's death in 1929. Plaintiff testified that from the inception of the marital status it was agreed that the de-

cedent should be the business head of the family and should handle all properties acquired. He testified further that it was agreed to place all such properties in the decedent's name in order to facilitate this plan, the parties at all times recognizing such properties as the accumulations of their joint efforts, in which each had an equal interest.

During their cross-examination of plaintiff the defendants introduced in evidence a certified copy of a decree of divorce granted to the decedent in 1890, one year after she had intermarried with the plaintiff. The record of this divorce decree was destroyed in the conflagration of 1906, but was restored in 1912 by court order pursuant to a proceeding duly initiated and prosecuted by the decedent for that purpose. A certified copy of the judgment-roll in the restoration proceeding was introduced into evidence. The existence of the divorce decree is fatal to the plaintiff's claim that the property is community property. In the absence of a valid, subsisting marriage there can, of course, be no community property. (*Flanagan* v. *Capital Nat. Bank,* 213 Cal. 664, 666 [3 Pac. (2d) 307]; *Schneider* v. *Schneider,* 183 Cal. 335, 341 [191 Pac. 533, 11 A. L. R. 1386].) Plaintiff testified that the parties were remarried in 1921, at decedent's suggestion, in order to quiet certain rumors that persons, other than plaintiff, "would be the sole heirs to the property" in the event of decedent's demise. The evidence now before us tends to indicate that all of the property here involved was acquired in the interim between the divorce granted in 1890 and the remarriage of the parties in 1921. There is no evidence indicating that any of the property was acquired while the parties were legally married. Under the above authorities, such evidence is indispensable to the characterization of the property as community property.

In an attempt to overcome the effect of the divorce decree plaintiff attacks its validity upon the ground that he was not served with summons in the divorce proceedings and had no knowledge of its pendency. The decree so attacked was entered in 1890 and recites on its face that service was duly had on defendant, plaintiff herein. This being so, plaintiff cannot now collaterally attack the decree on the ground urged. It is well settled that evidence outside the record is not admissible on collateral attack to show

that summons was not served on the defendant. (*Crouch v. H. L. Miller & Co.*, 169 Cal. 341 [146 Pac. 880] ; *Hahn* v. *Kelly*, 34 Cal. 391 [94 Am. Dec. 742].) If the fact of non-service does not appear from an inspection of the judgment-roll it cannot be shown by extrinsic evidence. (*Lake* v. *Bonynge*, 161 Cal. 120 [118 Pac. 535].) Such invalidity does not appear from the restored judgment-roll in the divorce proceeding. What has been said sufficiently disposes of a similar attack by plaintiff on the order restoring the record of the divorce proceeding. The order of restoration was entered in 1912 and recites on its face that service was duly had. For the reason already advanced that order is also immune from collateral attack.

█ The motion for nonsuit was granted primarily on the theory that plaintiff had misconceived his remedy and should have alleged facts entitling him to equitable relief. In this the court below erred. Legal and equitable relief are administered in this state in the same forum. The complaint herein is grounded upon the theory that the property involved was acquired by the parties during the existence of the marriage relationship. In effect, the action as originally conceived and filed was one in which a surviving husband sued the executors of the estate of his deceased wife for the purpose of procuring a decree that the property mentioned in three counts of the complaint was the community property of the spouses before the death of the wife, and not her separate estate as claimed by the executors. Such an action will lie. (*Maguire* v. *Cunningham*, 64 Cal. App. 536, 544 [222 Pac. 838].) Inspection of the record discloses that the proof offered by the plaintiff tends to support the theory upon which the complaint was framed. It was not until the defendants, by way of defense, had offered in evidence a certified copy of the decree of divorce above mentioned, of which decree the plaintiff professed ignorance, that the issues were modified. This change came about solely by reason of the defense interposed. It should not, therefore, serve to foreclose the plaintiff from receiving whatever relief he is entitled to, legal or equitable, under the evidence. It is well settled that a plaintiff, without further pleading, may offer evidence, in avoidance of new matters set up in the answer or tending to overcome matters disclosed by the defendants' evidence admitted under the

denials contained in the answer. (*Wendling Lumber Co.* v. *Glenwood Lumber Co.*, 153 Cal. 411, 415 [95 Pac. 1029]; *Peck* v. *Noee*, 154 Cal. 351, 354 [97 Pac. 865]; *White* v. *Stevenson*, 144 Cal. 104, 112 [77 Pac. 828].)

 If, as plaintiff contends and his evidence tends to show, he continuously lived with the decedent from the date of their marriage in 1889 until the decedent's death in 1929 in absolute ignorance of the existence of the divorce proceeding and the decree therein entered, and innocently and in good faith believed himself at all times to be the lawful husband of the decedent, he is entitled to an equitable apportionment of the gains made by their joint efforts. (*Coats* v. *Coats*, 160 Cal. 671, 678 [118 Pac. 441, 36 L. R. A. (N. S.) 844]; *Schneider* v. *Schneider, supra; Vigoni* v. *Vigoni*, 211 Cal. 354, 357 [295 Pac. 339, 340]; 20 Cal. Law Rev. 453.) Much of plaintiff's proffered evidence, to which the court below sustained objections, tended to sustain this theory. The court below should have accorded both sides a hearing on this issue, and, after weighing all of the evidence thereon, made its findings and entered its judgment in conformity thereto. In the event of a determination favorable to the plaintiff an amendment of the complaint to conform to proof would have been in order. Such amendments are liberally allowed in this state. (*Lavely* v. *Nonemaker*, 212 Cal. 380 [298 Pac. 976]; *Murnane* v. *Le Mesnager*, 207 Cal. 485, 496 [279 Pac. 800].) In so holding, we are not unmindful of the principle announced in *Schirmer* v. *Drexler*, 134 Cal. 134, 139 [66 Pac. 180], requiring that a plaintiff recover, if at all, upon the cause of action set out in the complaint and not upon some other which may be developed by the proofs. That principle is without application here, for, as already pointed out, the change in the issues and in the relief to be granted, if any, is traceable solely to the defense interposed. As above indicated, plaintiff was entitled to meet that defense, and, upon amendment of the complaint, to receive such relief, either legal or equitable, as the evidence warrants.

The judgment is therefore reversed, with directions to the court below to permit plaintiff, if he be so advised, to amend his complaint in the manner herein indicated.

Curtis, J., Preston, J., Shenk, J., Thompson, J., and Seawell, J., concurred.