ORBON STOVE COMPANY, Appellant, v. HERMAN SCHROEDER and Another, Respondents.— Judgment dismissing complaint reversed on the law and the facts and a new trial granted, costs to abide the event. The trial court, it may be assumed without deciding, correctly held that the alleged fraud upon which the plaintiff based its rescission of its agreement to accept participation certificates and consent to a satisfaction of its conditional sales contract and its discharge of record, was not connected with or binding upon these defendants. It appears, however, that these gas ranges were of such a determinate character as movables that they remained personal property after their annexation to the real estate, independently of any agreement between the buyer and the seller. (*Madfes* v. *Beverly Development Corp.*, 251 N. Y. 12.) To effect a reservation of title by the plaintiff, it was not essential that the conditional sales agreement be filed; therefore, its cancellation had no beneficial effect, so far as these defendants were concerned, in the absence of proof that they were *bona fide* buyers of this personalty without notice of the voidable character of the title thereto or that such title had been avoided. (Pers. Prop. Law, §§ 65, 104 and 105.) There is no proof that this plaintiff was a party to the action in which the judgment of foreclosure and sale was had and under which these defendants claim, nor is that judgment here as evidence that it purported to adjudicate that the lien of the defendants as mortgagees attached to these gas ranges. Nor is the referee's deed under which these defendants claim in evidence. The burden was upon these defendants to furnish such proof establishing themselves as *bona fide* purchasers of these gas ranges. (*Craine Silo Co., Inc.*, v. *Alden State Bank*, 218 App. Div. 263.) Lazansky, P. J., Kapper, Carswell, Scudder and Tompkins, JJ., concur.

EDWARD B. PARKER and ELI J. SCHWARTZ, Copartners, Doing Business as PARKER & SCHWARTZ, Respondents, v. PRESIDENT AND DIRECTORS OF THE MANHATTAN COMPANY and PRESIDENT AND DIRECTORS OF THE MANHATTAN COMPANY, as Trustee, Also Known as BANK OF THE MANAHTTAN COMPANY, Appellants, and Others, Defendants.— Order denying motion to vacate notice of examination before trial affirmed, with ten dollars costs and disbursements; examination to proceed on five days' notice. No opinion. Lazansky, P. J., Young, Kapper, Hagarty and Davis, JJ., concur.