[Civ. No. 8577. Second Appellate District, Division Two.—August 15, 1934.]

'HAMMEL RADIATOR CORPORATION (a Corporation), Appellant, v. CALIFORNIA SECURITY LOAN CORPORATION (a Corporation), Respondent.

Janeway, Beach & Hankey for Appellant.

· Cruickshank, Brooke & Evans for Respondent.

SCOTT, J., *pro tem.*— Plaintiff installed gas radiators in three apartment houses built by one Pereira. Money to build the houses was loaned by defendant and was secured by trust deeds on the properties. The radiators were purchased on conditional sales contracts at a time subsequent to the recording of the trust deeds and the notices of completion on the respective buildings. During August of 1930, being within sixteen months of the time the radiators were installed, Pereira gave defendant grant deeds to the properties. October 1, 1930, the balance of the purchase price being past due and unpaid, plaintiff demanded possession of the radiators, and upon being refused brought

this action for conversion. From judgment for defendant, plaintiff appeals.

The trial court found: "That when said radiators were installed they were attached by plaintiff to the rough plumbing in the building by means of slip joint threaded unions' and elbows; that the said radiators when installed by plaintiff were so affixed to the realty but stood on the floor where they were installed and were not in any other manner attached to the buildings; that the radiators installed by the plaintiff in the said building are indispensable for the use and operation of the said building as an apartment house, and that the removal of the radiators from the building would substantially damage the security of the deed of trust of the defendant." The court also found that defendant did not know of the contract of plaintiff with Pereira nor of plaintiff's rights thereunder until the date of its demand, October 1, 1930, although the testimony did show that defendant knew Pereira had not paid up this account with plaintiff.

In *Dauch* v. *Ginsburg*, 214 Cal. 540 [6 Pac. (2d) 952], the court said: "Although no case seems to have been decided directly in point in this state, the rule is well settled elsewhere that usually the subsequent conditional vendor will prevail over a prior encumbrancer, for the reason that the prior encumbrancer has not been misled and has advanced nothing on the faith of such annexation. (26 Cor. Jur. 684, sec. 49.) . . . However, to that rule there is a well-recognized exception, and that is that it has no application where a severance of the fixtures will substantially injure or diminish the security of the prior encumbrancer. (26 Cor. Jur. 686, sec. 52, and cases cited therein.)" The facts in that case were similar to the instant case, except that the plumbing and heating fixtures were more extensive. Since in this case, as in the case cited, "the removal of the fixtures will substantially damage or injure the security of the prior encumbrancer, the conditional vendor's rights must be relegated to those of the former".

Appellant urges that the portion of the findings in this case above set forth are not supported by the evidence. The record, however, affords them ample support.

Judgment affirmed.

Craig, Acting P. J., and Desmond, J., concurred.