[Civ. No. 9418. Second Appellate District, Division Two.—April 23, 1935.]

HARRY H. ANDREWS, Respondent, v. FIRST REALTY CORPORATION, Appellant.

Schweitzer & Hutton, Frank S. Hutton and Edward H. Gaylord for Appellant.

L. H. Phillips for Respondent.

CRAIL, J.—This is an appeal by the First Realty Corporation from a judgment for the respondent in an action for money damages for the conversion of certain refrigerating equipment in a 28-unit apartment house. The appellant says, "the only question involved in this appeal is whether the property in dispute became a fixture or remained personal property."

█ The question whether the property involved in this case became a fixture or remained personal property is a question of fact to be determined by the fact finder upon all the facts and circumstances in evidence bearing upon the question. █ It is the duty of this court on appeal to view the evidence in the light most favorable to the respondent; and if we find any substantial evidence to sustain the findings of the trial court it is our duty not to disturb such findings. Three years after installation two compressors of one kind had been removed from the building and they had been replaced by one of another make. There was evidence that the house could be and had been operated without electrical refrigeration and was properly equipped for ice refrigeration. The electrical apparatus could be removed without damage and the coil was attached to the refrigeration box by four removable bolts. This is sufficient to support the finding that the equipment removed was not a fixture.

Under the circumstances of this case we conclude that there is nothing in the rule set out in *Dauch* v. *Ginsburg,*

214 Cal. 540 [6 Pac. (2d) 952], *Hammel Radiator Corp.* v. *Mortgage Guarantee Co.,* 129 Cal. App. 468 [18 Pac. (2d) 993], *Hammond Radiator Corp.* v. *California Security Loan Corp.,* 140 Cal. App. 407 [35 Pac. (2d) 353], nor in *Broadway Imp. & Inv. Co.* v. *Tumansky,* 2 Cal. (2d) 465 [41 Pac. (2d) 553], which would warrant a reversal of the instant case.

It is the final contention of appellant that the trial court erred in receiving in evidence the copy of a certain federal decree between others than the parties to this action. The decree was admitted in evidence by the stipulation of the parties, or at least it was so claimed in open court by the attorneys for the respondent without protest from the appellant; furthermore, when the exhibit was offered and admitted there was no objection from the appellant. The objection to the exhibit may not be first made on appeal.

Judgment affirmed.

Scott, J., *pro tem.,* and Stephens, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 22, 1935, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 20, 1935.