[Civ. No. 3198. Fourth Dist. Apr. 23, 1946.]

F. A. YEAROUT et al., Respondents, v. AMERICAN PIPE & STEEL CORPORATION (a Corporation), Appellant.

140

Dechter, Hoyt, Pines & Walsh for Appellant.

Dearing, Jertberg & Avery for Respondents.

MARKS, J.—This is an appeal from a judgment which quieted plaintiffs' title to an undivided one-half interest in forty acres of land in Fresno County.

Plaintiffs are and have been husband and wife since September 1, 1909. They moved to California in 1918, and on September 5, 1935, acquired, as community property, the one-half interest in the land in question here. The deed of conveyance named "F. A. Yearout, a married man" as grantee.

On April 4, 1940, F. A. Yearout executed an oil lease on the property under the terms of which the lessee agreed to drill for oil. The lessee agreed in writing with the Pettijohn Drilling Company that it would furnish the labor and materials and drill the well. Defendant furnished materials used in the drilling operations and was not paid therefor. It filed its materialman's lien and started suit to foreclose, naming F. A. Yearout as the owner or reputed owner of the property. He answered, admitting those allegations. Anna V. Yearout, his wife, was not made a party to the action. It is stipulated that defendant had no *actual* notice that F. A. Yearout was a married man.

Defendant recovered judgment in the lien foreclosure action which ordered the property sold to pay its lien in the sum of $2,327.46. At the time of the foreclosure sale Anna V. Yearout gave the following notice:

"That the judgment and decree under which this sale is being held is void; that the said Anna V. Yearout is the wife

of Floyd A. Yearout, and claims to be the owner of an undivided one-half interest in the said property purportedly to be sold, and which interest will be unaffected by the purported sale.''

Defendant became the purchaser and this action was brought to quiet plaintiffs' title to the one-half interest in the forty acres. In a second cause of action Anna V. Yearout sought to quiet her title to a one-quarter interest in the property if she and her husband should be unsuccessful in quieting their title to the one-half interest. Judgment was rendered quieting both plaintiffs' title to the one-half interest. This appeal followed.

Respondents seek to support the judgment under the provisions of section 172a of the Civil Code which requires, in effect, that the wife must join with the husband in executing any instrument by which community real property or any interest therein is leased for longer than one year or is sold, conveyed or encumbered. The section also contains the following provision:

''No action to avoid any instrument mentioned in this section, affecting any property standing of record in the name of the husband alone, executed by the husband alone, shall be commenced after the expiration of one year from the filing for record of such instrument in the recorder's office in the county in which the land is situate, . . .''

In this connection it should be noted that the record is silent on the question of whether or not the oil lease was ever recorded.

■ It is now settled that a wife who has not joined in a lease of community real property for a period of more than one year, or in an instrument whereby it is sold, conveyed or encumbered, may maintain an action within one year from the recordation of the instrument to restore the entire property to the community, if her husband is living, or to recover her one-half interest in it if he is dead. (*Ballinger* v. *Ballinger*, 9 Cal.2d 330 [70 P.2d 629]; *Lynn* v. *Herman*, 72 Cal.App.2d 614 [165 P.2d 54], and cases cited.) The Ballinger case and those following it cleared up considerable confusion on the question found in earlier decisions.

■ It is now settled that an oil lease transfers to the lessee a *profit à prendre* in gross which is a right to remove a part of the substance of the land; that this is in effect the conveyance of an interest in real property either for a term of years or

indefinitely depending on the terms of the lease and circumstances of the case. (See *Callahan* v. *Martin*, 3 Cal.2d 110 [43 P.2d 788, 101 A.L.R. 871]; *Standard Oil Co.* v. *John P. Mills Organization*, 3 Cal.2d 128 [43 P.2d 797]; *Scheel* v. *Harr*, 27 Cal.App.2d 345 [80 P.2d 1035]; *Morrow* v. *Coast Land Co.*, 29 Cal.App.2d 92 [84 P.2d 301]; *Lever* v. *Smith*, 30 Cal.App. 2d 667 [87 P.2d 66]; *Pimentel* v. *Hall-Baker Co.*, 32 Cal. App.2d 697 [90 P.2d 588]; *Payne* v. *Callahan*, 37 Cal.App.2d 503 [99 P.2d 1050]; *Phillips* v. *Bruce*, 41 Cal.App.2d 404 [106 P.2d 922].)

It is at once apparent from the foregoing authorities that an oil lease, besides giving the lessee possession of sufficient of the surface of the property for his drilling operations also conveys to him an interest in real property so that such lease of community property should now be signed by both husband and wife. However, Mrs. Yearout brought no action to directly challenge the lease and to restore the leased land to the community as she might have done. What she is doing here is to challenge a materialman's lien and a decree foreclosing that lien in an action in which she was not made a party although the materialman furnished the materials and the lien arose out of the obligations assumed by the lessee in that lease. Whether the fact of an oil lease requiring the lessee to drill for oil brings into play the lessor-lessee statutory agency theory is not argued and need not be considered. (See *English* v. *Olympic Auditorium, Inc.*, 217 Cal. 631 [20 P.2d 946, 87 A.L.R. 1281]; *Ott Hardware Co.* v. *Yost*, 69 Cal. App.2d 593 [159 P.2d 663].)

Respondents quote the following from 36 American Jurisprudence, at page 156, section 246, where, in discussing the foreclosure of mechanic's liens, it is said:

"Where the property on which a mechanic's lien attaches is owned jointly as community property by a husband and his wife, they are both necessary parties to an action to foreclose the lien, and without the joinder of the wife no decree can be entered affecting the title."

They also cite the following decisions of the courts of the State of Washington holding that the wife is a necessary party to an action to foreclose a lien on community property. (See *Northwest Bridge Co.* v. *Tacoma Ship Building Co.*, 36 Wash. 333 [78 P. 996]; *Powell* v. *Nolan*, 27 Wash. 318 [67 P. 712, 68 P. 389]; *Peterson* v. *Dillon*, 27 Wash. 78 [67 P. 397]; *Sagmeister* v. *Foss*, 4 Wash. 320 [30 P. 80, 744]; *Littell etc. Mfg.*

*Co.* v. *Miller,* 3 Wash. 480 [28 P. 1035] ; *Collins* v. *Snoke,* 9 Wash. 566 [38 P. 161].)

In the recent case of *Grolemund* v. *Cafferata,* 17 Cal.2d 679 [111 P.2d 641], the fundamental differences in the conception of community property rights in Washington and California were pointed out and it was held that the Washington rule had no application to the facts of that case.

The case of *Cutting* v. *Bryan,* 206 Cal. 254 [274 P. 326], involved a question quite similar to the one confronting us here where the wife was not made a party, but her husband was, in an action involving community property. It was there said:

"The fact that the plaintiff was not expressly made a party to the action which had theretofore been commenced and was being prosecuted in the federal court does not, in our opinion, militate against the application of the foregoing principle, for the reasons set forth in certain of the cases above cited, and for the additional reason that the husband of the plaintiff was the principal party defendant in said action, and as such was representing the community interest of himself and also of his wife in said property, and that as to such interest the plaintiff herein was in privity with her husband and was represented in said action by him as fully as though she had been expressly made a party thereto. (McKay on Community Property, 2d ed., sec. 1085; 13 Cal.Jur., p. 882; *Estate of Clark,* 190 Cal. 354 [212 P. 622] ; *Lichty* v. *Lewis,* 63 F. 535; s.c., 77 F. 111 [23 C.C.A. 59].)"

Mr. Associate Justice Preston wrote a concurring opinion in the Cutting case and referred generally to the fact that the "Washington courts have declared the wife a necessary party in any action respecting the community real property and that a judgment against the husband alone is void," and concluded those cases were not controlling in California, thus showing that the Washington rule was called to the attention of the justices. It is significant that they refused to follow it and did not consider it of sufficient importance to discuss it in the majority opinion.

The same question was before the court in *Secondo* v. *Superior Court,* 105 Cal.App. 179 [286 P. 1089], where it was said:

"As to her community interest, the wife is in privity with her husband, who, in actions involving the property, fully represents both their interests, and she is not a necessary

party thereto (*Cutting* v. *Bryan*, 206 Cal. 254 [274 P. 326]; 31 Cor.Jur., Husband and Wife, sec. 1270, p. 160.)''

Under this rule we must hold that Anna V. Yearout was not a necessary party to the action to foreclose the materialman's lien on the community property as she was represented there by her husband. ▮ Therefore the judgment foreclosing the lien was binding on her and neither she nor her husband can successfully maintain this action.

The judgment is reversed.

Barnard, P. J., and Griffin, J., concurred.