[Civ. No. 4473.   Fourth Dist.   Dec. 18, 1952.]

JOSEPH DANIGER et al., Respondents, v. LEWIS H. HUNTER et al., Appellants.

Dahl & Barnes for Appellants.

Lester Van Tatenhove and C. Arthur Nisson, Jr., for Respondents.

MUSSELL, J.—This is an action to foreclose a mechanic's lien and to recover judgment for the purchase price of three "sink" units installed in premises owned by the defendants in Costa Mesa.  Defendants appeal from the judgment and decree of foreclosure.

The defendants employed a contractor to remodel their house and garage into four apartments.  The contractor agreed to install certain kitchen units similar to those here involved.  Subsequently, three sink units were delivered to

defendants' premises by the plaintiffs. The contractor who had commenced the remodeling job ceased his operations on February 27, 1950, and one Charles Lusk was employed by the defendants to finish the job. The units were then installed by Lusk.

Each sink unit consisted of a gas stove, a sink and a refrigerator, the three fitting together as one unit. The stove was not. connected to the sink and was not connected to the building in any manner except by a gas pipe connection. The sink was connected to the building by the usual plumbing connections and the refrigerator by an electric plug. The unit was so constructed that the drainboard of the sink extended over the refrigerator and was supported by it.

Some time after the installation of these appliances, plaintiffs demanded payment for the purchase price thereof and after payment was refused by the defendants, plaintiffs filed for record a notice of mechanic's lien and thereafter commenced this action. The complaint contained two causes of action: one for foreclosure of lien and the other on the theory of implied contract.

The trial court found that the defendants were indebted to the plaintiffs in the sum of $1,195.83 for the three sink units; that said units were actually used in the construction and remodeling of said building and that said sink units, after being installed, became an actual part of the apartment building. The court concluded that the plaintiffs were entitled to judgment against defendants for the above stated sum, with interest, and that plaintiffs had a lien upon the real property, which lien they were entitled to foreclose for the sum found due them.

Appellants present two arguments on appeal. They first contend that "appliances" such as kitchen ranges, refrigerators and sinks not attached to the dwelling are not materials furnished within the meaning of the mechanic's lien law and the furnishing of the same does not give rise to the right to a mechanic's lien; and second, that the court erred in rendering judgment on the common count.

The principal question here involved is whether the sink units were fixtures.

In *Andrews* v. *First Realty Corp.*, 6 Cal.App.2d 407 [44 P.2d 628], it was held that refrigerator equipment in an apartment house was not a fixture where it could be removed without damage and the coil was affixed to the refrigerator box by four removable bolts.

In *Commercial Finance Co.* v. *Brooksville Hotel Co.*, 98 Fla. 410 [123 So. 814, 816, 64 A.L.R. 1219], it is said:

"Electrical refrigerators are somewhat in the nature of machinery, and yet have something of the quality of furniture. Although they are attached by wires and pipes to the building, and may even be placed upon specially constructed bases or foundations, they are usually regarded by the trade as chattels."

Generally, gas stoves or ranges when installed in a dwelling are not fixtures. (7 A.L.R. 1578; 22 Am.Jur. 770; *Orbon Stove Co.* v. *Schroeder*, 241 App.Div. 832 [271 N.Y.S. 242, 243]; *Modern Security Co.* v. *Thwaites*, 137 Misc. 485 [246 N.Y.S. 405]; 36 C.J.S. 910.)

It seems quite clear that electrical appliances such as refrigerators and stoves are personal property and do not become a part of the realty where, as here, they are movable and can be disconnected by merely pulling a plug or unscrewing a gas connection. In the instant case the units sold were of three items: a stove, a sink and a refrigerator, so constructed as to form one unit, conserving floor space.

While ordinarily a sink is "built in" and made a part of the building, in the instant case it is part of a unit which is so constructed as to be easily disconnected and removed without damage to the realty or the article itself. Under such circumstances we conclude that these units were chattels and not fixtures.

It is alleged in the second count of the complaint that the defendants were indebted to plaintiffs in the sum of $1,195.83 for goods sold to the defendants and that defendants promised to pay said sum therefor. The court found that the units sold were furnished by plaintiffs with the authority and knowledge and consent of the defendants and rendered judgment for the purchase price of the goods sold. There is substantial evidence to support the trial court's findings and this provision of the judgment. (*Hayward Lbr. & Inv. Co.* v. *Lyders*, 139 Cal.App. 517 [34 P.2d 805].)

The judgment against the defendants for the sum of $1,195.83, with interest, is affirmed, and that portion of said judgment impressing defendants' realty with a mechanic's lien and decreeing foreclosure thereof is reversed. Respondents to recover costs on appeal.

Barnard, P. J., and Griffin, J., concurred.